UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, <br><br> TIMOTHY SANDS, <br><br> ALEXEY ONUFRIEV, <br><br> and <br><br> TAMARA CHERRY-CLARKE, <br><br> Defendants. | Civil Action No. 7:21cv00378 |

**PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**

John Doe[1], by counsel, moves this Court for an order allowing him to proceed under a pseudonym, and for a protective order prohibiting Defendants from disclosing his identity.

Mr. Doe was a graduate student accused of sexual assault. He has filed a lawsuit alleging that the Defendants violated his rights to due process during the student conduct process. His case arises out of facts of a highly sensitive and personal nature. He thus requests leave to proceed under a pseudonym, and also a protective order to shield his identity. Without such an order, he believes that his

---

[1] "John Doe" is not Plaintiff's real name. He is proceeding under a pseudonym. Defendant will not be prejudiced by permitting him to proceed anonymously because it has knowledge of the actual identity of John Doe.

1

privacy will be lastingly and unnecessarily violated, and he will be rendered powerless to remedy the very purpose of his litigation, which is to clear his name.

While there is a presumption in favor of openness in the federal courts, parties may proceed under a pseudonym in appropriate cases. In *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), the Fourth Circuit identified a number of factors bearing on the propriety of anonymity from prior cases, including:

> [1] whether the justification asserted by the requires party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* At 238. These factors are not exhaustive; rather, the court must "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe II v. Pittsylvania County*, 844 F. Supp.2d 724, 729 (W.D. Va. 2012) (citations omitted).

The *Jacobson* factors support Plaintiff's motion. Mr. Doe is seeking to preserve privacy in a sensitive and highly personal nature: his academic records, which are subject to federal law regarding their confidentiality. Identification of him risks retaliation from fellow students, staff, and others, for pursuing vindication of his Constitutional rights. The action is against both the government and a private

party. The risks to the Defendants are minimal, as the Defendants are already aware of Mr. Doe's identity through their counsel.

Additionally, Mr. Doe will likely need to apply for school, employment, or other post-secondary work upon graduation, in the near future. What he seeks in this litigation is to be free of the obligation, when he does so, of self-disclosing that he was found guilty of an allegation of misconduct, the basis of which he vehemently denies. Yet, Mr. Doe is not permitted to proceed anonymously, he cannot receive this relief in any effective form, for by suing under his own name he could not avoid a more public and damaging form of that same self-disclosure. Any records check or a simple web search, if this case receives any press coverage, would reveal the very matter he seeks to expunge. Anonymity is fully appropriate where the lack thereof inflicts the very harm that litigation is designed to prevent. *Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) (cited in *Doe II v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)).

WHEREFORE, Mr. Doe moves this Court to grant leave to proceed under a pseudonym and for a protective order prohibiting Defendants from disclosing his identity.

Respectfully submitted,

JOHN DOE

By: _____
Of Counsel

Robert E. Dean, Esq. (VSB No. 80288)
ROB DEAN LAW
401 Campbell Ave., Ste. 302
Roanoke, Virginia 24016
Phone: (540) 585-1776
Fax: (540) 301-0833
Email: rob@robdeanlaw.com

*Counsel for Plaintiff*