IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 7:21cv378 |
| | ) |
| VIRGINIA POLYTECHNIC INSTITUTE | ) |
| AND STATE UNIVERSITY, et al., | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

Defendants Virginia Polytechnic Institute and State University ("Virginia Tech"), Timothy Sands ("Sands"), Alexey Onufriev ("Onufriev"), and Tamara Cherry-Clarke ("Cherry-Clarke") (collectively "Defendants"), by counsel, submit this brief in support of their Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The claims against Defendants should be dismissed for the reasons set forth below.

**STATEMENT OF THE CASE**

Plaintiff's Complaint challenges his expulsion from Virginia Tech for violating Virginia Tech's sexual assault policy and asserts a claim for defamation against Onufriev under state law. ECF No. 1. Plaintiff claims his expulsion from Virginia Tech gives rise to two causes of action: (1) a due process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; and (2) a gender discrimination claim under Title IX (20 U.S.C. § 1681 et seq.). As set forth more fully below, Virginia Tech and its officials are not "persons" for purposes of Plaintiff's 42 U.S.C. § 1983 claim, and the individual defendants are not subject to suit under Title IX.



629.0407\
4834-8708-7589 .v4

**ARGUMENT & AUTHORITY**

I. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge the court's subject matter jurisdiction to hear a claim. A Rule 12(b)(1) motion may present either a facial challenge or a substantive challenge to the allegations in a complaint. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge is based on the plaintiff's failure "'to allege facts upon which subject matter jurisdiction can be based.'" Id. (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). A substantive challenge under Rule 12(b)(1) "challenges the factual predicate of [the court's] subject matter jurisdiction" and permits a court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." Id. (internal quotation and emphasis omitted). "[T]he burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219).

II. **Neither Virginia Tech nor its officials are "person[s]" for purposes of 42 U.S.C. § 1983**

Plaintiff's claims against Virginia Tech and its officials in their official capacities are barred because neither Virginia Tech nor its officials are "person[s]" for purposes of 42 U.S.C. § 1983.

42 U.S.C. § 1983 provides a remedy for violations of a right secured by the Constitution and the laws of the United States "'committed by a person acting under color of state law.'" Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). "[A]n official-capacity suit against a state officer 'is not a



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 2 -

629.0407\
4834-8708-7589 .v4

suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" Hafer v. Melo, 502 U.S. 21, 26 (1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.

Virginia Tech is a state agency. Va. Code § 23.1-2600, et seq. The Board of Visitors of Virginia Tech is a body corporate created by the Virginia General Assembly to operate the university. Id. Therefore, neither Virginia Tech nor any of its officials in their official capacity is a "person" under § 1983. See Yunsong Zhao v. Va. Polytechnic Inst. & State Univ., No. 7:18cv189, 2018 WL 5018487, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va. Oct. 15, 2018) (citing Carboni v. Meldrum, 949 F. Supp. 427, 433 (W.D. Va. 1996); Collin v. Rector & Bd. of Visitors of the Univ. of Va., 873 F. Supp. 1008, 1013 (W.D. Va. 2005)). Because they are not "persons," Plaintiff may only recover equitable relief from Virginia Tech and its officials in their official capacity.

### III. Individuals Are Not Proper Parties under Title IX

Title IX authorizes suits against only institutions and programs not against school officials, teachers, or other individuals. "Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a) . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." Fitzgerald v. Barnstable School Comm., 555 U.S. 246, 247 (2009). Therefore, Count II against the individual Defendants must be dismissed pursuant to Rule 12(b)(1) because they are not proper parties. See Outterbridge v. Dep't of Homeland Sec., No. 15-1391, 2017 U.S. Dist. LEXIS 104996, at *3–4 (D.D.C. July 7, 2017) (citing Nichols v. Agency for Int'l Dev., 18 F.



629.0407\
4834-8708-7589 .v4

Supp. 2d 1, 3 (D.D.C. 1998); see also Jennings v. Univ. of N.C., 444 F.3d 255, 268 n.8 (4th Cir. 2006) (collecting cases); Armstrong v. James Madison Univ., No. 5:16cv53, 2017 WL 2406640, 2017 U.S. Dist. LEXIS 84191, at *7 (W.D. Va. June 1, 2017) (citing Bracey v. Buchanan, 55 F. Supp. 2d 416, 419 (E.D. Va. 1999)).

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendants Virginia Polytechnic Institute and State University, Timothy Sands, Alexey Onufriev, and Tamara Cherry-Clarke, by counsel, respectfully request entry of an Order granting their Motion to Dismiss pursuant to Rule 12(b)(1) and granting such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY, TIMOTHY SANDS, ALEXEY
ONUFRIEV, and TAMARA CHERRY-CLARKE


/s/_____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
            nschnetzler@faplawfirm.com



629.0407\
4834-8708-7589 .v4

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\
4834-8708-7589 .v4

- 6 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler  
Of Counsel

FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\
4834-8708-7589 .v4