**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:21cv378** |
| | ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** | ) | |
| **AND STATE UNIVERSITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**</u>
<u>**PURSUANT TO RULE 12(b)(6)**</u>

Defendants Virginia Polytechnic Institute and State University ("Virginia Tech"), Timothy Sands ("Sands"), Alexey Onufriev ("Onufriev"), and Tamara Cherry-Clarke ("Cherry-Clarke") (collectively "Defendants"), by counsel, submit this Reply Memorandum in support of their previously filed Motion to Dismiss for Failure to State a Claim, ECF No. 12.

<u>ARGUMENT & AUTHORITY</u>

In his responses to Defendants' motions to dismiss, John Doe ("Doe") makes a number of concessions and clarifications. First, Doe is not suing the individual defendants in their individual capacities for purposes of his claim brought pursuant to 42 U.S.C. § 1983. ECF No. 14, *4; ECF No. 15, *10. Second, Doe concedes that individuals are not proper defendants for purposes of his Title IX claim(s). ECF No. 14, *4. Third, by failing to respond, Doe concedes that he has not alleged a liberty interest for purposes of his due



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 1 -

process claim and concedes that, for purposes of his defamation claim, the alleged defamatory statement is not defamatory per se.[1]

While voluntarily narrowing the issues before the Court, Doe still contends his due process, Title IX, and defamation claims can survive Defendants' Motion to Dismiss. As set forth below, all of Doe's claims fail to state a claim for relief, and this case must be dismissed with prejudice.

## I.   Doe Fails to State an Actionable Claim Under Title IX

Without citing a single case to support his argument, Doe claims that his Title IX claim is not time-barred because Defendants' unlawful discrimination began in 2018 and apparently continued through 2020. Doe appears to be combining his Title IX claims in order to rebut the argument that his "grant funding and educational opportunities" claim is timely. Later in his response, however, Doe admits the claims are distinct by claiming he "has alleged sufficient facts to support **both** claims of gender discrimination at Virginia Tech." ECF No. 15, *11 (emphasis added). The two claims are indeed separate causes of action. One is a gender discrimination claim in regard to educational and employment opportunities, and the other is an "erroneous outcome" claim as first recognized in Yusuf v. Vassar College, 35 F.3d 709 (2d Cir. 1994). This is an important distinction for purposes of the statute of limitations and demonstrates why Doe's "grant funding and educational opportunities" claim under Title IX is time-barred.

---

[1] See Spellman v. Sch. Bd. of Chesapeake, No. 2:17cv635, 2018 U.S. Dist. LEXIS 73709, at *40–41 (E.D. Va. Apr. 5, 2018); Wright v. Kent Cnty. Dep't of Soc. Servs., No. ELH-12-3593, 2014 WL 301026, 2014 U.S. Dist. LEXIS 9351, at *76–77 (D. Md. Jan. 24, 2014) (failure to address argument in opposition brief may amount to concession); Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's]" argument in a motion to dismiss, "the plaintiff abandons [her] claim."); Westry v. N.C. A&T State Univ., 286 F. Supp. 2d 597, 600 (M.D.N.C. 2003) (collecting cases), aff'd, 94 F. App'x 184 (4th Cir. 2004); Mentch v. E. Sav. Bank, FSB, 949 F. Supp. 1236, 1247 (D. Md. 1997) (plaintiff abandoned claim by failing to address it in opposition brief).

FAP

FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

**a.** __Doe's claims present two separate causes of action under Title IX__

By trying to conflate the "grant funding and educational opportunities" claim and the "erroneous outcome" claim under Title IX, Doe seems to suggest a continuing violation theory for why the "grant funding and educational opportunities" claim is timely. Still, he cites no case law to that effect to bolster his argument and rightly so because the great weight of authority is to the contrary.

Indeed, this Court previously recognized that the time a cause of action accrues for purposes of Title IX "'is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.'" Doe v. Va. Polytechnic Inst. & State Univ., 400 F. Supp. 3d 479, 490 (W.D. Va. 2019) (quoting Delaware State College v. Ricks, 449 U.S. 250, 258 (1980).[2] The citation to Ricks is particularly apt here as that claim involved a professor's denial of tenure, and Doe's claim rests on the denial of a research assistant position.

Doe argues that his claim survives because "[h]e contends that Dr. Onufriev favored female researchers and discriminated against him on the issue of research stipends and other hostile lab conditions throughout 2019 and 2020." ECF No. 15, *4. First, that argument is not supported by the allegations in the Complaint. Doe clearly alleges that the receipt of the research grant and allocation of the research stipend to a female student occurred in 2018. ECF No. 1, ¶ 17.c. Doe complained to Onufriev about the stipend allocation and at that time felt the female student "was afforded educational opportunities that he was denied due to his gender." Id., ¶ 17.e. There are no allegations

---

[2]  Hereinafter referred to as "Doe v. Va. Tech".

629.0407\NHS
4813-1955-9673 .v2

any of those events occurred in 2019 or 2020.[3] Further, the claim arising out of the student conduct proceeding has no relationship to the claim stemming from the "grant funding and educational opportunities." Because the two claims are distinct, Doe cannot combine them for purposes of avoiding Defendants' statute of limitations argument. See Doe v. Va. Tech, 400 F. Supp. 3d at 493–94 (distinguishing causes of action arising out of student conduct hearing versus appeal of student conduct decision).

### b. **Doe's claim does not represent a continuing violation for tolling purposes**

In Doe v. Va. Tech, the Court also rejected the application of the continuing violation theory to a Title IX claim—which, again, is not even expressly advanced by Doe in this case.[4] In that case, the Court distinguished the allegations constituting separate causes of action from "a pattern of discriminatory acts." Doe v. Va. Tech, 400 F. Supp. 3d at 493. Here, Doe does not allege a "pattern of discriminatory acts." Rather, he alleges that (1) Virginia Tech, through Onufriev, denied him an educational opportunity based on his gender; (2) Onufriev began to retaliate against him after Doe complained about the situation; and (3) an unidentified student—not the female who allegedly received the grant allocation—accused him of sexual misconduct for which he claims he was wrongly found responsible. These are three separate causes of action, not a pattern of discriminatory conduct. Doe v. Va. Tech, 400 F. Supp. 3d at 493–94.

---

[3] Moreover, Doe's argument confuses Title IX discrimination with Title IX retaliation. Doe alleged that after reporting Onufriev's allegedly discriminatory actions to the Chair of the Physics Department, Onufriev "began outwardly retaliating against Mr. Doe . . . ." ECF No. 1, ¶ 17.g. But Doe did not allege a retaliation claim in this case. Accord Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 183 (2005).

[4] Notably, courts are split as to whether the continuing violation doctrine even applies to Title IX claims. See Doe v. Mercy Catholic Med. Ctr., 850 F.3d 545, 566 (3d Cir. 2017); Dibbern v. Univ. of Mich., No. 12-15632, 2016 WL 2894491, at *19, 2016 U.S. Dist. LEXIS 65129, at *55–56 (E.D. Mich. May 18, 2016); Papelino v. Albany Coll. Of Pharmacy of Union Univ., 633 F.3d 81, 91 (2d Cir. 2011).

629.0407\NHS
4813-1955-9673 .v2

FAP
FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

Because the claim regarding "grant funding and employment opportunities" is distinct from the alleged erroneous outcome claim and accrued when Doe had notice that a female received the research stipend instead of him, that claim accrued in 2018 and is clearly time-barred.

### c. Doe's conclusory assertions do not set forth a Title IX claim

Even if the "grant funding and employment opportunities" claim is not time-barred, Doe's own allegations belie any inference of gender bias on Onufriev's part. Indeed, by Doe's allegations, Onufriev made lewd and demeaning comments about females. It is difficult to fathom how a person can be gender biased against men based on allegations of his making derogatory comments towards females.

As to the remaining claim involving Cherry-Clarke's decision not to postpone the hearing, there are no *facts* to substantiate that Cherry-Clarke would not have made that decision but for her alleged gender bias against men. In conclusory fashion, Doe claims "there can be no other plausible reason" Cherry-Clarke denied Doe's request for a continuance but for her advocacy for women on Virginia Tech's campus. ECF No. 15, *11. The fact that Doe believes this to be the case, "absent more, does not suffice to render his claim plausible." Sheppard v. Visitors of Va. State Univ., 993 F.3d 230, 238 (4th Cir. 2021). Doe simply fails to allege any facts to support that inferential leap, and the Court need not accept Doe's conclusory allegations as true at the motion to dismiss stage.

To make it plausible that gender bias was the cause of Cherry-Clarke's decision, Doe must offer particularized allegations of gender discrimination such as statements by Cherry-Clarke or patterns of decision-making tending to show the influence of gender. See Doe v. Salisbury Univ., 123 F. Supp. 3d 748, 766 (D. Md. 2015) (citation omitted). For



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4813-1955-9673 .v2

example, the plaintiff in <u>Doe v. Washington & Lee University</u> cited to a presentation made by a Washington & Lee official involved in the investigation of that plaintiff and that official's influence over the disciplinary proceedings. <u>Doe v. Washington & Lee Univ.</u>, No. 6:14cv52, 2015 WL 4647996, 2015 U.S. Dist. LEXIS 102426, at *28 (W.D. Va. Aug. 5, 2015). There are no such similar allegations in this case. Rather, Doe asks this Court to set a dangerous precedent and limit the First Amendment right of college administrators to associate. Simply because Cherry-Clarke has some affiliation with a women's advocacy group does not *ipso facto* mean she is biased against men generally or denied Doe's request for a continuance because of gender bias. Without more than the sparse, conclusory allegations here, Doe's Title IX claim fails as a matter of law and must be dismissed.

## II. <u>Doe Fails to State a Claim for a Violation of His Due Process Rights</u>

Doe's attempt to state official capacity claims against the individual Defendants and a due process claim against Virginia Tech fails for a myriad number of reasons. The official capacity claims against the individual defendants are duplicative of any claim against Virginia Tech; Doe fails to allege a custom or policy that violated his due process rights for purposes of his claim against Virginia Tech; Doe does not have a property right in his continued enrollment; and finally, Doe received the process he was due: adequate advance notice of the charges against him.

### a. <u>The official capacity claims against the individual defendants are duplicative of the claim against Virginia Tech</u>

As noted in Defendants' memorandum in support of their Motion to Dismiss pursuant to Rule 12(b)(1), "an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 6 -

from a suit against the State itself.'" <u>Hafer v. Melo</u>, 502 U.S. 21, 26 (1991) (quoting <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989)). Since Doe concedes he is not suing the individual defendants in their individual capacities, the due process claims against them in their official capacities are duplicative of the claim against Virginia Tech.

Indeed, an official capacity suit against a government official "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." <u>Monell v. New York Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.55 (1978). Thus, a § 1983 lawsuit against an individual in his official capacity is duplicative of a claim against the governmental entity and should be dismissed. <u>Love-Lane v. Martin</u>, 355 F.3d 766, 783 (4th Cir. 2004) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 165–66 (1985); <u>Hicks v. Halifax Cnty. Bd. of Educ.</u>, 93 F. Supp. 2d (649, 667 (E.D.N.C. 1999)); <u>see also</u> <u>Kline v. Cleveland Cnty.</u>, No. 1:19cv197, 2020 WL 2858238, 2020 U.S. Dist. LEXIS 96450, at *6 (W.D.N.C. June 2, 2020); <u>Steinberg v. Chesterfield Cnty. Planning Comm'n</u>, No. 3:06cv248, 2007 WL 9759646, 2007 U.S. Dist. LEXIS 7292, at *12 (E.D. Va. Feb. 1, 2007).

Accordingly, the due process claims against defendants Sands, Onufriev, and Cherry-Clarke in their official capacities should be dismissed.

**b.** **<u>Doe fails to allege a custom or policy of Virginia Tech that deprived him of due process</u>**

Since Doe has clarified that his due process claim is only an official capacity claim, the claim fails because the Complaint does not identify a custom or policy that resulted in the deprivation of Doe's rights.

A § 1983 claim against a state agency requires an allegation that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." <u>Monell</u>,



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 7 -

436 U.S. at 690; see also Stickley v. Sutherly, 667 F. Supp. 2d 664, 672 n.7 (W.D. Va. 2009) (quoting Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)); Thomas v. N.C. Dep't of Corr., No. 7:04-CV-251-F(3), 2006 U.S. Dist. LEXIS 112740, at *6 (E.D.N.C. Feb. 21, 2006); Friday v. Commonwealth of Va., No. 3:00cv867, 2001 U.S. Dist. LEXIS 9896, at *10 (E.D. Va. July 12, 2001) (citations omitted). Thus, governmental entities, like Virginia Tech, can be held liable under § 1983 only if the entity's official policy or custom was a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981).

A custom or policy giving rise to liability includes express policies, laws, ordinances, and regulations, a "decision taken by the highest officials responsible for setting policy in that area of the government's business," or any "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law." St. Louis v. Praprotnik, 485 U.S. 112, 123, 127 (1988) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970)). However, an official capacity § 1983 claim cannot stand on allegations of "wrongful conduct of a single officer without any policymaking authority" or even "decisions by subordinate employees" lacking policymaking authority. Collins v. City of Harker Heights, 503 U.S. 115, 121-22 (1992) (citing Oklahoma City v. Tuttle, 471 U.S. 808 (1985); Praprotnik, 485 U.S. 112).

Doe's due process claim stands on the single act of Cherry-Clarke's alleged denial of a continuance of the student conduct hearing. Doe does not identify any custom or policy of Virginia Tech that caused his alleged deprivation, and he does not even allege that Cherry-Clarke had policymaking authority at Virginia Tech. As such, his due process claim against Virginia Tech fails to state a claim for relief and must be dismissed.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 8 -

**c.** **Doe does not have a property interest in continued enrollment**

Doe argues that the "strong weight of authority" is that students have a property interest in continuing to receive their paid-for post-secondary public education." This is simply wrong.

Doe primarily relies on <u>Doe v. Alger</u>, 175 F. Supp. 3d 646 (W.D. Va. 2016) to contend he has a property interest in his continued education. But Judge Dillon clarified her ruling in <u>Alger</u> in <u>Doe v. Va. Tech</u>. <u>See</u> ECF No. 13, at *11. While the plaintiff in <u>Alger</u> received the *opportunity to prove* he had a "legitimate claim of entitlement to continued enrollment," the allegations in <u>Doe v. Va. Tech</u> regarding the plaintiff's property right were so deficient that the Court dismissed the due process claim for failure to state a claim. <u>Doe v. Va. Tech</u>, 400 F. Supp. at 500. The Court reiterated this ruling in <u>Jacob Doe v. Virginia Polytechnic & State Univ.</u>, No. 7:19cv249, 2020 WL 1309461, 2020 U.S. Dist. LEXIS 47754, at *15–17 (W.D. Va. Mar. 19, 2020).

Doe also appears to rely on out of circuit case law finding a property right in continued education by virtue of the payment of enrollment fees. First, Doe did not allege in his Complaint that he paid any tuition or other fees to Virginia Tech. Regardless, even if the Court must assume he did, Virginia law does not recognize an implied contract between university students on the basis of payment of tuition or provisions of student handbooks. <u>Jacob Doe v. Va. Tech</u>, 2020 U.S. Dist. LEXIS 47754, at *16–17 (Dillon, J.); <u>Doe v. Washington & Lee Univ.</u>, 439 F. Supp. 3d 784, 790–91 (W.D. Va. 2020) (Moon, J.); <u>George v. Averett Univ. of Danville</u>, No. 4:19cv8, 2019 WL 3241177, 2019 U.S. Dist. LEXIS 119600, at *7–8 (W.D. Va. July 18, 2019) (Kiser, J.); <u>Doe v. Marymount Univ.</u>, 297 F. Supp. 3d 573, 588–89 (E.D. Va. 2018) (Ellis, J.).



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4813-1955-9673 .v2

As such, Doe fails to allege facts to support a property interest in his continued education and therefore fails to state a claim for a violation of his due process rights.

### d. <u>Doe received due process</u>

In order to salvage his due process claim, Doe attempts to focus the Court's attention on the time he received notice of the student conduct hearing. But Doe ignores his own allegations that he was clearly on notice of the charges against him well before the day prior to the student conduct hearing. Doe ignores his own allegation that he learned in "late-2019 and early 2020" of the allegations against him that led to the student conduct hearing ECF No. 1, ¶¶ 22–23. Doe ignores his own allegation that he received formal notification that he was under investigation for sexual assault on February 17, 2020. <u>Id.</u>, ¶ 29. Doe ignores his own allegation that he met with a Title IX investigator a little over one week later. <u>Id.</u>, ¶ 33. Doe ignores his own allegation that on that very same day he received notice of the charge of sexual assault from student conduct. <u>Id.</u>, ¶ 34. Doe ignores his own allegation that he met with Cherry-Clarke on March 3, three days before his hearing. <u>Id.</u>, ¶ 34. By Doe's own allegations Virginia Tech provided more than sufficient notice of the charges against him. That Doe chose to sit on his hands rather than start preparing a defense to the charges does not impose liability on Virginia Tech. By his own allegations, Doe received adequate advance notice of the charges against him, and therefore, Virginia Tech provided Doe with adequate due process. Accordingly, Doe fails to state a claim for a violation of his due process rights.

### III. <u>Doe's Attempt to State a Defamation Claim Reaches Too Far</u>

As previously argued in Defendants' opening brief, Doe's defamation claim attempts to do what Virginia defamation law does not countenance. Moreover, based on



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4813-1955-9673 .v2

Doe's own allegations in the Complaint, no part of Onufriev's statement is untrue. According to the Complaint, it is true that Doe attempted to earn a Ph.D. in Physics. According to the Complaint, it is true that Doe attended Virginia Tech for approximately seven years. According to the Complaint, it is true that Doe was dismissed from Virginia Tech. Even looking at the statement in piecemeal fashion, which is contrary to Virginia law, no jury could find the factual elements of the statement were untrue and defamatory. See Lewis v. Kei, 281 Va. 715, 725, 708 S.E.2d 884 (2011) ("in determining whether a statement is one of fact or opinion, a court may not isolate a portion of the statement at issue from another portion of the statement").

Onufriev's statement provides no commentary or references to Doe's abilities as a student or as a human being in general, and it provides no observations as to whether Virginia Tech rightly or wrongly dismissed Doe from the school. It by no means makes any suggestion that the reason for Doe's dismissal from Virginia Tech was his "aptitude." Doe cannot extend the implication of the words beyond their plain meaning just because he disagreed with the decision Virginia Tech ultimately reached. Doe's attempt to insert innuendo where it simply does not exist is improper and in contravention to settled Virginia law. Schaecher v. Bouffault, 290 Va. 83, 93, 772 S.E.2d 589, 594 (2015) (innuendo may not extend beyond the meaning of the words in the statement); Carwile v. Richmond Newspapers, Inc., 196 Va. 1, 8, 82 S.E.2d 588, 592 (1954).

In Schaecher, the plaintiffs alleged a number of statements were defamatory. One of those statements was an email the defendant sent stating that the plaintiffs' plans for an as-yet built dog kennel would violate the locality's ordinance for residential dwellings. Id. at 97, 772 S.E.2d at 597. The plaintiffs claimed the statement could be inferred to mean



- 11 -

629.0407\NHS
4813-1955-9673 .v2

the plaintiffs were violating the law. The Supreme Court of Virginia disagreed. <u>Id.</u> Instead, the <u>Schaecher</u> Court noted, the "neutral language stating that a plan does not align with current ordinances" did not create a "reasonable implication from which to infer one would violate the law." <u>Id.</u> (internal quotations omitted).

Here, Onufriev's neutral and true statement does not create a "reasonable implication from which one to infer" that Virginia Tech dismissed Doe due to the sexual misconduct allegations or due to poor academic performance. Any potential employer that requested a copy of Doe's transcript would see essentially the same information reflected in Onufriev's post albeit in different form. As such, Doe fails to state a claim for defamation by inference.

### CONCLUSION

For the foregoing reasons, Doe fails to state any claim for relief in his Complaint. Accordingly, Defendants respectfully request entry of an Order granting their Motions to Dismiss, dismissing this case with prejudice and striking it from the active docket of this Court, and granting such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS, ALEXEY ONUFRIEV, and TAMARA CHERRY-CLARKE



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4813-1955-9673 .v2

/s/_____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
          nschnetzler@faplawfirm.com


Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



- 13 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel

- 14 -

629.0407\NHS
4813-1955-9673 .v2