## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JOHN DOE,                                )
                                         )
    Plaintiff,                   )
                                         )
v.                                       )          **Case No. 7:21cv378**
                                         )
VIRGINIA POLYTECHNIC INSTITUTE           )
AND STATE UNIVERSITY, et al.,            )
                                         )
    Defendants.                  )

### *SUPPLEMENTAL AUTHORITY re:*
### RESPONSE TO PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM

Defendants Virginia Polytechnic Institute and State University ("Virginia Tech"), Timothy Sands ("Sands"), Alexey Onufriev ("Onufriev"), and Tamara Cherry-Clarke ("Cherry-Clarke") (collectively "Defendants"), by counsel, submit the following additional authority in response to Plaintiff's Motion to Proceed by Pseudonym, ECF No. 2.

On January 6, 2022, Judge Elizabeth Dillon issued a Memorandum Opinion and Order denying a plaintiff's request to proceed by pseudonym. Jane Doe v. Va. Polytechnic Inst. & State Univ., No. 7:21cv306, 2022 WL 67324, 2022 U.S. Dist. LEXIS 2784 (W.D. Va. Jan. 6, 2022). In that case, Virginia Tech expelled a female undergraduate student accused of sexual assault by two female students. Id. at *2, *5. The plaintiff in that case filed a motion to proceed by pseudonym, which the defendants and a non-party opposed. Id. at *6–7. The plaintiff, however, named both her accusers in the Complaint and named officials at Virginia Tech she claimed discriminated against her. Id. at *6–7. "Moreover, plaintiff imbedded photographs of herself and one of the non-parties in the complaint." Id.



629.0407\NHS
4886-9938-6634 .v1

at *11. Given those circumstances, the court denied that plaintiff's request to proceed under a pseudonym. Id.

Here, Plaintiff was not an undergraduate student like the plaintiff in Jane Doe. Rather, he "enrolled as a graduate student at Virginia Tech" in 2013. ECF No. 21, ¶ 10. His expulsion occurred almost seven years later in 2020. Id. at ¶ 64. Thus, Plaintiff's age should not be a factor that favors anonymity. While Plaintiff has not named his accuser in his various iterations of his lawsuit, he has named Virginia Tech officials and staff and accused them of sexual harassment and discrimination. ECF No. 1; ECF No. 21. He has sued public officials, including the President of one of the largest public universities in the Commonwealth. Further, Plaintiff does not include the actual details of the accusations that led to his dismissal or the actual charges he faced during the student conduct proceeding. Instead, he references the incident as "sexual assault" implicating violations of Virginia Tech's "policies on intimate partner contact." ECF No. 21, ¶¶ 49, 50. Finally, Plaintiff appeared in person for a public hearing in this case, which greatly cuts against any need for privacy. See ECF No. 24, 5:13–21.

It is true that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including the use of a pseudonym." Co. Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014) (citing James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). To proceed by pseudonym should be the exception, however, not the rule. Id. That is because "pseudonymous litigation undermines the public's right of access to judicial proceedings. The public has an interest in knowing the names of the litigants . . . and disclosing the parties' identities furthers openness of judicial proceedings." Id. (internal citations



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 2 -

omitted). Therefore, "a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Id. at 274. When a plaintiff sues public officials, the public's interest in disclosure of the plaintiff's name is heightened. Id. (citations omitted).

> As the Court knows,
>
> anonymity is not contemplated by the Federal Rules of Civil Procedure. Rule 10(a) provides that "[t]he title of the complaint must name all the parties." The intent is to "'apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" Doe v. Hallock, 119 F.R.D. 640, 643 n. 1 (S.D. Miss. 1987) (quoting Free Market Comp. v. Commodity Exch., Inc., 98 F.R.D. 311, 312 (S.D.N.Y. 1983)); Doe v. Rostker, 89 F.R.D. 158, 160 (N.D. Cal. 1981). Public access to a plaintiff's name "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981) (citing Richmond Newspapers, 448 U.S. 555 (1980)).

Doe v. Pittsylvania Cnty., Va., 844 F. Supp. 2d 724, 727–28 (W.D. Va. 2012).

For these reasons and the reasons set forth on the record during the hearing held on December 14, 2021, Defendants contend that the factors in this case under James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), do not weigh in favor of anonymity, and Plaintiff's motion, ECF No. 2, should be denied.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS, ALEXEY ONUFRIEV, and TAMARA CHERRY-CLARKE

FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 3 -

/s/ _____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
           nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



629.0407\NHS
4886-9938-6634 .v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



629.0407\NHS
4886-9938-6634 .v1