IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 7:21cv378 |
| | ) |
| VIRGINIA POLYTECHNIC INSTITUTE | ) |
| AND STATE UNIVERSITY, et al., | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

In response to the Court's invitation to submit additional briefing on the issue of whether Plaintiff's Title IX claim is time-barred, Defendants state as follows:

### STATEMENT OF THE CASE

Plaintiff originally initiated his lawsuit against Defendants on November 25, 2020. See Doe v. Va. Polytechnic Inst. & State Univ., No. 7:20cv711, ECF No. 1 (Nov. 25, 2020). In that Complaint, Plaintiff expressly alleged:

    c. ***In 2018***, when Dr. Onufriev received a substantial grant from the National Institute of Health based on research that [Plaintiff] had performed in the Lab, Dr. Onufriev ***refused to pay*** [Plaintiff] any funds as a research assistant. Instead, he allocated the $40,000 per year research assistant stipend to a female student in the lab, whose work had not been involved in the grant.
    d. ***When [Plaintiff] insisted that it was improper to allocate the research stipend to a female student*** in the lab whose work did not support obtaining the grant . . . .

Id., at *4 (emphasis added). Plaintiff failed to timely serve that case, and the Court dismissed the action without prejudice on May 27, 2021, finding (1) no excusable neglect for Plaintiff's failure to timely serve the Defendants ***and*** (2) Plaintiff "improperly



- 1 -

proceeded under a pseudonym" in contravention of Rule 10(a) of the Federal Rules of Civil Procedure. Doe v. Va. Polytechnic Inst. & State Univ., No. 7:20cv711, 2021 WL 2156411, 2021 U.S. Dist. LEXIS 100649 (W.D. Va. May 27, 2021).

Plaintiff then filed this action on June 25, 2021. ECF No. 1. In that version of the Complaint, Plaintiff again alleged:

> c. **_In 2018_**, when Dr. Onufriev received a substantial grant from the National Institute of Health based on research that [Plaintiff] had performed in the Lab, Dr. Onufriev **_refused to pay_** [Plaintiff] any funds as a research assistant. Instead, he allocated the $40,000 per year research assistant stipend to a female student in the lab, whose work had not been involved in the grant. . . .
> d. **_When [Plaintiff] insisted that it was improper to allocate the research stipend to a female student_** in the lab whose work did not support obtaining the grant . . . .

ECF No. 1, at *4 (emphasis added). Defendants moved to dismiss that Complaint on various grounds, including that the Title IX claim was time-barred, and the Court granted Defendants' motion. ECF No. 20. Plaintiff then filed his current iteration of the Complaint in which he alleges "in the 2018-2019 and 2019-2020 academic years, Dr. Onufriev had received a sizeable grant from the National Institute of Health" and "in the 2018-2019 and 2019-2020 academic years, up until [Plaintiff] left in March 2020, Dr. Onufriev refused to pay [Plaintiff] funds from the grant for work as a research assistant. Instead, he allocated the $40,000 per year research assistant stipend to a female student in the lab . . . ." ECF No. 21, at *4.

Thus, by Plaintiff's own allegations, his Title IX claim clearly accrued in 2018. Otherwise, he would have alleged the allocation occurred in 2019 rather than stating it occurred in the "2018-2019" academic year.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4874-5642-3951 .v2

- 2 -

Defendants again moved to dismiss the case, in part because Plaintiff's Title IX claim was time-barred. Plaintiff failed to timely respond to the motion, and when he did eventually respond, he merely incorporated by reference his prior opposition briefs. Thus, prior to the hearing on Defendants' motion to dismiss the Amended Complaint, Plaintiff ***never argued*** his claim was timely as a result of the application of any tolling principles.[1] Instead, Plaintiff raised the issue for the first time at oral argument on the pending motion to dismiss.

### ARGUMENT & AUTHORITY

Plaintiff waived any argument as to tolling by failing to timely raise it; his original action did not toll the statute of limitations; and even if tolling applied, Plaintiff's claim is still time-barred because it accrued no later than December 31, 2018.

### I. Plaintiff Knowingly Forfeited Any Argument Regarding Tolling

Plaintiff waived/forfeited any argument that his claim is timely as a result of the filing of his previous action because he ***twice*** failed to raise it in response to Defendants' statute of limitations argument. See Wood v. Milyard, 556 U.S. 463, 470 n.4 (2012); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 395 n.7 (4th Cir. 2004).

### II. Plaintiff's Previous Action Did Not Toll the Statute of Limitations.

Plaintiff contends that the filing of his 2020 lawsuit tolled the statute of limitations for his claim while that action was pending. The only case Plaintiff cited for that proposition during the recent hearing was Broome v. Iron Tiger Logistics, Inc., No. 7:17cv444, 2018 WL 3978998, 2018 U.S. Dist. LEXIS 140412 (W.D. Va. Aug. 19, 2018).



---

[1] Plaintiff's opposition brief claimed that the Title IX claim was not time barred because it represented an "ongoing violation." ECF No. 15, at *4. Plaintiff was clearly aware of the statute of limitations defense yet failed to raise any argument regarding tolling principles based on the filing of his earlier action.

629.0407\NHS
4874-5642-3951 .v2

Because Title IX contains no express statute of limitations, courts have borrowed the state statute of limitations for personal injury actions. Federal courts applying state statutes of limitations must also follow the state's "rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citation omitted). Virginia strictly enforces its statutes of limitations. Casey v. Merck & Co., Inc., 283 Va. 411, 416, 722 S.E.2d 842, 845 (2012). Unless there is "clear statutory enactment" permitting tolling, Arrington v. Peoples Security Life Insurance Co., 250 Va. 52, 55–56, 458 S.E.2d 289, 290–91 (1995), Virginia's statutes of limitations may not be tolled. Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc., 221 Va. 81, 85, 266 S.E.2d 887, 889 (1980).

Though never cited or argued by Plaintiff, Defendants surmise his argument for tolling rests with the tolling provision found in Virginia Code § 8.01-229(E)(1), which provides:

> Except as provided in subdivision 3, if any action is **_commenced_** within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

(emphasis added).

The Federal Rules of Civil Procedure govern the commencement of an action. Fed. R. Civ. P. 3. "'An action is commenced for statute of limitations purposes when the complaint is filed *if service of process is accomplished* within'" the time set forth in Rule 4. Wright v. Durham Cnty. Sheriff Worth Hill, No. 1:03cv109, 2008 WL 942101, 2008 U.S. Dist. LEXIS 28923, *9 (W.D.N.C. Apr. 7, 2008) (quoting Arabian v. Bowen, 966 F.2d 1441, 1992 WL 154026, 1992 U.S. App. LEXIS 15624, *6–7 (4th Cir. July 7, 1992) (unpublished



- 4 -

629.0407\NHS
4874-5642-3951 .v2

table decision)); see also Stump v. Wilkie No. 7:20cv369, 2021 WL 2044201, 2021 U.S. Dist. LEXIS 96486, at *10 (W.D. Va. May 21, 2021) (citation omitted) ("Generally, ***outside the Title VII context***—if a suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing."); 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1056 (4th ed. April 2021 update) ("filing of the complaint commences a federal question case for statute of limitations purposes, ***but only provisionally***. . . . ***A dismissal for failing to make service in timely fashion leaves the plaintiff in the same position as if the action never had been commenced*** . . . ."); 54 C.J.S. Limitations of Actions § 175.

Because Plaintiff's original Complaint did not "commence" that action under federal law, he does not benefit from any tolling under Va. Code § 8.01-229(E)(1).

### III. **The Discussion of Tolling is Merely Academic because Plaintiff's Cause of Action Accrued in 2018.**

As noted above, the decision to allocate the grant-funded position to a female initially occurred in 2018. Thus, Plaintiff's cause of action accrued at that point. Williams v. Giant Food, Inc., 370 F.3d 423, 428–29, 428 n.2 (4th Cir. 2004) (citing Scoggins, 760 F.2d at 537); Spida v. BAE Sys. Inf. Solutions, No. 1:16cv979, 2016 WL 7234088, 2016 U.S. Dist. LEXIS 173311, at *11–12 (E.D. Va. Dec. 13, 2016); Taylor v. Republic Servs., No. 12cv523, 2013 WL 487042, 2013 U.S. Dist. LEXIS 16222, at *22 (E.D. Va. Feb. 6, 2013). Even if tolling applies, Plaintiff's claim is untimely using December 31, 2018, as an accrual date.

Respectfully submitted,



- 5 -

629.0407\NHS
4874-5642-3951 .v2

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS, ALEXEY ONUFRIEV, and TAMARA CHERRY-CLARKE

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
            nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



629.0407\NHS
4874-5642-3951 .v2

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler<br>Of Counsel



- 7 -

629.0407\NHS
4874-5642-3951 .v2