IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Civil Action No. 7:21-CV-378 ) ) |
| VIRGINIA POLYTECHNIC INSTITUTE, AND STATE UNIVERSITY, et al., | ) ) ) ) |
| Defendants | ) |

## MEMORANDUM OPINION

Pending before the court is plaintiff John Doe's motion for leave to proceed under a pseudonym and for a protective order prohibiting defendants from disclosing his identity. ECF No. 2. Defendants filed a response, ECF No. 28, and the court heard argument on December 14, 2021. Having considered the pleadings and argument, the court **GRANTS without prejudice** Doe's motion to proceed under a pseudonym and enters a protective order prohibiting defendants from disclosing his identity.

### I. Background

Plaintiff John Doe was a graduate student at Virginia Polytechnic Institute and State University (Virginia Tech) pursuing a doctoral degree in physics. In late 2019, a female student accused Doe of making unwanted sexual advances toward her. Doe adamantly disputed the allegations and claimed that he met the student on a dating app and had a consensual relationship with her. The female student met with a Title IX investigator and initially requested only that Doe be ordered not to contact her. Approximately three months later, the

female student initiated a formal complaint against Doe. On February 17, 2020, Virginia Tech informed Doe that he was under investigation for sexual assault and the next day he was placed on interim suspension pending a student conduct hearing. On March 3, 2020, Doe met with defendant Tamara Cherry-Clarke who told him he had been accused of violating six of Virginia Tech's policies on intimate partner contact. On March 5, 2020, Cherry-Clarke told Doe that his hearing would take place the next day. Doe requested an extension, explaining that he did not have enough time to prepare for the hearing and collect evidence in order to adequately defend himself, but Cherry-Clarke denied Doe's request, asserting that 24 hours was enough time to prepare. On March 6, 2020, Doe's student conduct hearing proceeded, and on March 9, 2020, Virginia Tech found Doe responsible for sexual assault and dismissed him from the university. Doe appealed the decision to the Dean of Student Affairs, but his appeal was denied.

These facts form the basis of a procedural due process claim filed by Doe as part of a lawsuit he has filed against Virginia Tech. As relief, Doe seeks monetary damages, as well as injunctive relief in the form of expunction of records related to the sexual assault charge and his dismissal from the university. The lawsuit also includes a claim for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., but Doe does not seek to proceed under a pseudonym based on the facts underlying that cause of action.

## II. Discussion

The test for deciding if a plaintiff should proceed anonymously is whether he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Doe v. Frank, 951 F.2d 320, 323 (11th Cir.

2

1992) (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). The presumption of openness is firmly rooted in American law. Doe 1 v. Merten, 219 F.R.D. 387, 390 (E.D. Va. 2004). Courts have long held that the First Amendment protections of freedom of speech and press safeguard the public's right to attend trials, which must be "open to the public absent an overriding and clearly articulated interest to the contrary." Id. at 390-91 (quoting Richmond Newspapers, Inc., v. Virginia, 448 U.S. 555, 576 (1980)). Indeed, anonymity is not contemplated by the Federal Rules of Civil Procedure. Rule 10(a) states: "[t]he title of the complaint must name all parties." The purpose of this rule "is to 'apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" Doe v. Hallock, 119 F.R.D. 640, 643 n. 1 (S.D. Miss. 1987) (quoting Free Market Comp. v. Commodity Exch., Inc., 98 F.R.D. 311, 312 (S.D.N.Y. 1983)). Public access to a plaintiff's name "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." Stegall, 653 F.2d at 185 (citing Richmond Newspapers, 448 U.S. 555).

However, the presumption of openness is not absolute and anonymity may be appropriate in some cases. The crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. Id. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders on the underlying constitutional issue. Doe v. Barrow Co. Georgia, 219 F.R.D. 189, 193 (N.D. Ga. 2003); Stegall, 653 F.2d at 185. "[T]he only thing potentially being shielded from the public is plaintiff's name and any court proceedings or

3

opinions that might be necessary to determine standing." Barrow, 219 F.R.D. at 193.

Nevertheless, it is the exceptional case in which a court allows a party to proceed anonymously. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit advises that "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014).

Allowing a party to proceed anonymously is a discretionary determination made by the trial court. In James, the Fourth Circuit set out five factors courts are to consider when deciding whether to allow a party to proceed anonymously.

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id., 6 F.3d at 238, (internal citations omitted). "Not all of these factors may be relevant to a given case, and there may be others that are." Doe v. Virginia Polytechnic Inst. & State Univ., No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020).

The first James factor requires the court to determine whether the party seeking to proceed anonymously is merely trying to avoid the annoyance and criticism that may attend any litigation rather than trying to preserve privacy in a matter of a highly sensitive and

4

personal nature. In this case, Doe was accused and found responsible by Virginia Tech of some form of sexual assault against an unnamed female student. Doe has maintained that he and the female student were engaged in a consensual relationship, and he points out that he was never charged with a crime in relation to her allegations. He is concerned about his academic and professional reputation should he not be allowed to proceed anonymously. The court agrees with Doe that an allegation of sexual assault or abusive dating conduct involves sensitive and highly personal facts that can invite harassment and ridicule. Id., 2020 WL 1287960 at *3. Moreover, if this case survives the pending motion to dismiss, the allegations are likely to shine a light on details of his and the female student's private lives. The court finds that this factor weighs in favor of allowing Doe to proceed anonymously.

The second James factor directs the court to look at whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties. Doe has already sought mental health counseling related to the accusations made against him which he has found to be extremely upsetting. Were his identity known, he could be subject to harassment and ridicule via social media as well as by persons with whom he comes into contact in his daily life. Also, having Doe's name appear publicly increases the chances that the identity of the female student will become known as well, subjecting her to unwanted scrutiny, harassment, and ridicule. The court finds that this factor weighs in favor of allowing Doe to proceed anonymously.

The third factor, which asks the court to consider the ages of the person whose privacy interests are sought to be protected, weighs neither in favor nor against allowing Doe to proceed anonymously. This factor is considered crucial when a party is underage. See e.g.,

5

Stegall, 653 F.2d at 186 (finding fact that plaintiffs were children especially persuasive in deciding whether they could proceed via pseudonym); Doe v. Santa Fe Indep. Sch. Dist., 933 F.Supp. 647, 651–52 (S.D.Tex.1996) (refusing to protect the identities of adult plaintiffs "who are simply not as vulnerable as schoolchildren to social and physical intimidation or violence centered around events at public schools").

At the hearing held in this matter, the parties discussed the fact that Doe is in his mid-twenties, as opposed to being underage. While an underage person may have a greater need for anonymity than an adult, given the nature of the accusation against Doe, the court does not find age to be a deciding factor in this case. Moreover, the age of the female student who made the accusation against Doe is unknown. As stated above, identifying Doe increases the chances that the female student also will be identified and if she was a minor or very young adult when she filed her complaint against Doe, identifying him could bring unwanted attention to her. On balance, the court finds Doe's age to be a neutral factor in deciding whether he should proceed under a pseudonym.

The court also finds that the fourth James factor, the fact that Doe has filed this lawsuit against a public university, is neutral regarding whether he should be allowed to proceed anonymously. "When a plaintiff challenges the government or government activity, courts are more likely to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." Yacovelli v. Moeser, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004) (citing Doe v. Harlan County Indep. Sch. Dist. 96 F. Supp.2d 667, 671 (E.D. Ky. 2000)). This is because most suits against government entities typically involve no injury to the government's "reputation." When a plaintiff alleges that a private party

6

has violated federal law, "basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979). But see Public Citizen, 749 F.3d at 274 citing Doe v. Megless, 654 F.3d 404, 411 (3rd Cir. 2011) (finding, in a case involving a manufacturing company suing to enjoin the Consumer Product Safety Commission from publishing an online report attributing the death of a child to the company's product, that public interest is heightened when defendants are public officials and government bodies).

In this case, although Doe names individual defendants, he is suing them only in their official capacities. In Doe v. Alger, 317 F.R.D. 37, 41 (W.D. Va. March 31, 2016), the court noted that when university officials are sued in their official capacities, some observers might read the allegations in the lawsuit as accusing the individuals of wrongdoing, while others would read the allegations as challenging the university's disciplinary process itself rather than the named defendants. The same is true here, and the court finds that this factor weighs neither in favor nor against allowing Doe to proceed using a pseudonym.

Regarding the fifth factor, whether allowing Doe to proceed anonymously is unfair to defendants, the court finds that at this stage of the proceedings it is not. As Doe points out, defendants are well aware of his identity, and in their response to his motion they described no unfairness that will result if he is allowed to proceed anonymously. Accordingly, the court finds that this factor weighs in favor of allowing Doe to use a pseudonym in this litigation.

Finally, the court returns to the Fourth Circuit's broad admonition that the court must balance Doe's stated interest in anonymity against the public's interest in openness. Public

Citizen, 749 F.3d at 274. The court recognizes that issues surrounding the way in which colleges and universities address allegations of sexual assault and date rape, and in turn, how courts address lawsuits arising out of the handling of such accusations, are of great interest to the public. However, the court finds that because the public has access to the docket in this case, and can read the pleadings, opinions, and orders and attend hearings, the personal and sensitive nature of the allegations against Doe and the potential for details of the investigation becoming part of this litigation outweigh the need for the public to know his identity at this time. Doe is seeking injunctive relief to expunge the allegations of sexual misconduct from his record. If his identity in this lawsuit is disclosed, it will greatly undermine any relief to which he may be entitled.

For the above-stated reasons, the court **GRANTS without prejudice** Doe's motion to proceed under a pseudonym and his motion for a protective order prohibiting defendants from disclosing his identity. Should circumstances change such that the balance of factors shifts in favor of disclosure of Doe's identity, the court will revisit this issue.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: 03-29-2022

Michael F. Urbanski
Chief United States District Judge