**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:21cv378** |
| | ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** | ) | |
| **AND STATE UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant Virginia Polytechnic Institute and State University ("VT"), by counsel, pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure and the Court's Order, ECF No. 67, files this Answer to the Second Amended Complaint, ECF No. 37, filed by plaintiff John Doe ("Doe").

VT denies each and every allegation in the Second Amended Complaint except as hereinafter may be expressly admitted. In response to each numbered paragraph in the Second Amended Complaint, VT admits, denies, or otherwise responds as follows:

1.  The allegations contained in paragraph 1 are merely introductory in nature and therefore do not require a response. To the extent a response is required, VT denies the allegations in paragraph 1.

2.  Regarding the allegations contained in paragraph 2, VT admits only that Doe was an Iranian citizen during the time of his enrollment at VT. VT denies the remaining allegations contained in paragraph 2.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4866-6472-6627 .v1

3.   Regarding the allegations contained in paragraph 3, VT admits it is an institution of higher learning and a state agency of the Commonwealth located in Blacksburg, Virginia. VT denies the remaining allegations in paragraph 3.

4.   Regarding the allegations contained in paragraph 4, VT admits only that Dr. Onufriev is domiciled in Montgomery County, Virginia. VT denies the remaining allegations in paragraph 4.

5.   The allegations contained in paragraph 5 are mere legal conclusions to which no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations in paragraph 5.

6.   VT admits the allegations contained in paragraph 6.

7.   The allegations contained in paragraph 7 are mere legal conclusions to which no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations in paragraph 7.

8.   The allegations contained in paragraph 8 are mere legal conclusions to which no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations in paragraph 8.

9.   The allegations contained in paragraph 9 are mere legal conclusions to which no response is required. To the extent a response is required, VT denies the allegations in paragraph 9 because Doe's Fourteenth Amendment claims have been dismissed with prejudice.

10. The allegations contained in paragraph 10 are mere legal conclusions to which no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations in paragraph 10.



629.0407\NHS
4866-6472-6627 .v1

11. Regarding the allegations contained in paragraph 11, VT admits only that Doe enrolled at Virginia Tech in 2013. VT lacks sufficient information to either admit or deny the remaining allegations in paragraph 11.

12. VT denies the allegations contained in paragraph 12.

13. VT denies the allegations contained in paragraph 13.

14. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 14.

15. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 15.

16. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 16.

17. Regarding the allegations contained in paragraph 17, VT admits only that Dr. Onufriev is a molecular biophysicist who has received multiple grants since he started working at VT. VT lacks sufficient information to either admit or deny the remaining allegations in paragraph 17.

18. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 18.

19. VT denies the allegations contained in paragraph 19.

20. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 20.

21. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 21.



629.0407\NHS
4866-6472-6627 .v1

22. Regarding the allegations contained in paragraph 22, VT admits only that Dr. Onufriev received a grant from the National Institute of Health during the 2019-2020 academic year. VT denies the remaining allegations contained in paragraph 22.

23. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 23.

24. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 24.

25. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 25.

26. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 26.

27. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 27.

28. Regarding the allegations contained in paragraph 28, VT admits only that the Academic Calendar for the 2019-2020 academic year began on or around August 26, 2019. VT lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 28.

29. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 29.

30. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 30.

31. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 31.



629.0407\NHS
4866-6472-6627 .v1

32. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 32.

33. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 33.

34. VT denies the allegations contained in paragraph 34.

35. VT denies the allegations contained in paragraph 35.

36. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 36.

37. VT denies the allegations contained in paragraph 37.

38. The allegations in paragraph 38 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT denies the allegations contained in paragraph 38.

39. The allegations in paragraph 39 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT denies the allegations contained in paragraph 39.

40. The allegations in paragraph 40 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT denies the allegations contained in paragraph 40.

41. The allegations in paragraph 41 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT denies the allegations contained in paragraph 41.

42. The allegations in paragraph 42 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore



FRITH
ANDERSON
+ PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

no response is required. Regarding the allegations contained in paragraph 42, VT admits that Doe denied the allegation that he had assaulted a female student. VT denies the remaining allegations contained in paragraph 42.

43. The allegations in paragraph 43 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT denies the allegations contained in paragraph 43.

44. The allegations in paragraph 44 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT denies the allegations contained in paragraph 44.

45. The allegations in paragraph 45 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. Regarding the allegations contained in paragraph 45, VT admits only that the complaining student requested a no contact order as to Doe, and VT issued a no contact order to Doe. VT denies the remaining allegations contained in paragraph 45.

46. The allegations in paragraph 46 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. The allegations in paragraph 46 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT denies the allegations in paragraph 46.

47. The allegations in paragraph 47 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4866-6472-6627 .v1

no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations in paragraph 47.

48. The allegations in paragraph 48 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations in paragraph 48.

49. The allegations in paragraph 49 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT denies the allegations in paragraph 49.

50. The allegations in paragraph 50 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 50.

51. The allegations in paragraph 51 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 51.

52. The allegations in paragraph 52 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 52.



629.0407\NHS
4866-6472-6627 .v1

53. The allegations in paragraph 53 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 53.

54. The allegations in paragraph 54 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 54.

55. The allegations in paragraph 55 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 55.

56. The allegations in paragraph 56 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 56.

57. The allegations in paragraph 57 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 57.

58. The allegations in paragraph 58 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4866-6472-6627 .v1

no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 58.

59. The allegations in paragraph 59 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 59.

60. The allegations in paragraph 60 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 60.

61. The allegations in paragraph 61 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT denies the allegations in paragraph 61.

62. The allegations in paragraph 62 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 62.

63. The allegations in paragraph 63 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 63.



FAP

FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4866-6472-6627 .v1

64. The allegations in paragraph 64 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 64.

65. The allegations in paragraph 65 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 65.

66. The allegations in paragraph 66 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT lacks sufficient information to either admit or deny the allegations contained in paragraph 66.

67. The allegations in paragraph 67 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT denies the allegations in paragraph 67.

68. The allegations in paragraph 68 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT admits the allegations in paragraph 68.

69. The allegations in paragraph 69 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore



FAP

FRITH
ANDERSON
+ PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4866-6472-6627 .v1

no response is required. To the extent a response is required, VT admits the allegations in paragraph 69.

70. The allegations in paragraph 70 do not pertain to Doe's Title IX claims against VT based on Doe's allegations related to the NIH grant funding and retaliation, and therefore no response is required. To the extent a response is required, VT admits the allegations in paragraph 70.

71. VT denies the allegations contained in paragraph 71.

72. VT lacks sufficient information to either admit or deny the allegations contained in paragraph 72.

73. VT denies the allegations contained in paragraph 73.

74. VT denies the allegations contained in paragraph 74.

75. Regarding the allegations contained in paragraphs 75–86, these claims have been dismissed from this action and do not relate to the NIH grant funding and retaliation. See ECF No. 60. Therefore, no response to the allegations contained in paragraphs 75–86 is required. To the extent a response is required, VT denies the allegations contained in paragraphs 75–86.

76. For its response to paragraph 87 of the Second Amended Complaint, VT incorporates by reference its responses to paragraphs 1–86 as if fully set forth herein.

77. Regarding the allegations contained in paragraph 88, the referenced statute speaks for itself. VT denies any remaining allegations in paragraph 88.

78. Regarding the allegations contained in paragraph 89, VT admits only that it is an education program that receives federal funds. VT lacks sufficient information to either admit or deny the remaining allegations in paragraph 89.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 11 -

629.0407\NHS
4866-6472-6627 .v1

79. Regarding the allegations contained in paragraph 90, the referenced federal regulation speaks for itself. VT denies any remaining allegations in paragraph 90.

80. Regarding the allegations contained in paragraph 91, the referenced document speaks for itself. VT denies any remaining allegations in paragraph 91.[1]

81. Regarding the allegations contained in paragraph 92, the referenced document speaks for itself. VT denies any remaining allegations in paragraph 92.[2]

82. VT denies the allegations contained in paragraph 93.

83. VT denies the allegations contained in paragraph 94.

84. VT denies the allegations contained in paragraph 95.

85. VT denies the allegations contained in paragraph 96.

86. VT denies the allegations contained in paragraph 97 and denies that Doe is entitled to any relief whatsoever.

87. VT denies that Doe is entitled to any relief requested in his Demand for Judgment or to any relief whatsoever.

88. VT DEMANDS TRIAL BY JURY.

### AFFIRMATIVE DEFENSES

1. Doe's Second Amended Complaint fails to state a claim for relief.

2. VT did not discriminate against Doe on the basis of his sex.

3. VT did not retaliate against Doe for complaining about discrimination.

4. VT held no bias against Doe's gender.

5. Does fails to allege sufficient facts to warrant an award of punitive damages.



FRITH
ANDERSON
+ PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

[1] The reference guidance was rescinded in August of 2020.
[2] See n.1, *supra*.

629.0407\NHS
4866-6472-6627 .v1

6.  Doe failed to mitigate his damages.

7.  To the extent Doe suffered any damages, they were not proximately caused by the alleged allegations related to the NIH grant funding allocation or alleged retaliation.

8.  Doe has not alleged sufficient facts warranting a permanent injunction.

9.  Doe's request for a permanent injunction is not appropriate in light of the remaining claims in this action.

10. Doe is *pro se* and therefore may not recover attorney's fees.

11. VT reserves the right to amend this Answer to include any other affirmative defenses that may become apparent throughout the course of further investigation and/or discovery of this matter.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY

/s/_____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
          nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*


FRITH
ANDERSON
+ PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 13 -

Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24061
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Virginia Polytechnic Institute and
State University*



629.0407\NHS
4866-6472-6627 .v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2023, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system, which will automatically send notification of
such filing to all counsel of record and have mailed and emailed a copy to plaintiff at his
addresses of record, which are under seal. <u>See</u> ECF No. 60.

/s/ Nathan H. Schnetzler
Of Counsel

629.0407\NHS
4866-6472-6627 .v1