**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
|     **Plaintiff** | ) | |
| | ) | **Case No. 7:21-cv-00378** |
| **v.** | ) | |
| | ) | |
| **VIRGINIA POLYTECHNIC INST.** | ) | |
| **& STATE UNIV.,** | ) | **By:  Michael F. Urbanski** |
|     **Defendant** | ) | **Chief United States District Judge** |

**ORDER**

A status conference was held via videoconference in this case on June 22, 2023, at which several pretrial matters were addressed. Plaintiff Doe appeared pro se, and Virginia Polytechnic Institute & State University (Virginia Tech) appeared by counsel.

1.    The court first inquired regarding Doe's efforts to retain new counsel, as the Order dated February 23, 2023, ECF No. 60, directed him to provide the name of substitute counsel within fourteen (14) days, and no new attorney has been identified. Doe indicated that he has been unsuccessful to date in retaining new counsel despite contacting many lawyers. The court suggested that the Clerk reach out to a local attorney to see whether his firm would be interested in representing Doe on a pro bono basis. Doe agreed to this suggestion, and Virginia Tech did not object.  Accordingly, the court directed the Clerk to email counsel to see whether his firm would consider representing Doe.

2.    The court next took up the various pro se filings submitted by Doe since the court's February 23, 2023, Memorandum Opinion and Order, ECF Nos. 59 and 60, granting in part and denying in part Virginia Tech's motion to dismiss. Since that time, Doe has sent

to the court several iterations of the same document concerning the court's decision. See ECF Nos. 68, 69, 70, 71, and 72.  The court initially considered treating the most recent of these largely identical filings, ECF No. 72, as a pro se motion to reconsider the court's February 23, 2023, decision. However, during the status conference, Doe indicated that his former counsel did not include certain information he deemed pertinent in the original or amended complaint. In order to fully address all of Doe's allegations against Virginia Tech at one time, the court determined, in the interest of justice, to **GRANT** Doe permission to file a Second Amended Complaint in this case. This Second Amended Complaint must be filed on or before **Monday, July 24, 2023**. Virginia Tech may file any responsive pleading on or before **Monday, August 28, 2023**. Except for good cause shown, no additional amendments will be permitted.

3.      On June 6, 2023, Virginia Tech moved to amend the scheduling order in this case and notified the court that plaintiff Doe was opposed to amending the scheduling order. ECF No. 76. Following inquiry at the status conference, Doe raised no objection to the amended scheduling order proposed by Virginia Tech. Accordingly, the court **GRANTS** the motion to amend the scheduling order and an amended scheduling order will be entered. Note, however, that this amended scheduling order applies **ONLY** to Doe's sole remaining claim in this case. That claim is Count II, alleging a violation of Title IX against Virginia Tech related to National Institute of Health grant funding and retaliation. See Mem. Op., ECF No. 59, at 26–28 and 30 (discussing the only claim presently remaining in this case). Should Doe's Second Amended Complaint raise any additional viable claims and thus create a need to further amend the scheduling order, the court will address any changes to the scheduling order at the time it addresses any dispositive motion filed by Virginia Tech.

The Clerk is **DIRECTED** to docket this Order and send a copy to Doe via U.S. Mail and email.

It is so **ORDERED**.

Entered: June 23, 2023

Digitally signed by Michael F.
Urbanski        Chief U.S. District
Judge
Date: 2023.06.23 18:24:50 -04'00'

Michael F. Urbanski
Chief United States District Judge