IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:21cv378 |
| ) | |
| VIRGINIA POLYTECHNIC INSTITUTE ) | |
| AND STATE UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendants Virginia Polytechnic Institute and State University, Timothy Sands, and Tamara Cherry-Clarke (collectively "Defendants"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move this Court for entry of an Order dismissing the claims against them for the reasons set forth in the accompanying Memorandum of Law.

**ARGUMENT & AUTHORITY**

**I.  Rule 54(b) and Plaintiff's dismissed claims.**

Plaintiff's claims that were previously dismissed with prejudiced cannot be revived under the circumstances of this case.

Plaintiff argues that the Court's Order, ECF No. 79, "implicitly" altered its prior rulings on Defendants' motions to dismiss. That Order did not "implicitly" alter the prior dismissals with prejudice. The express terms of that Order suggest the opposite. First, the Court did not treat the Plaintiff's filings as a "pro se motion to reconsider." ECF No. 79. Further, the Order stated that any amended complaint filed by Plaintiff must raise



629.0407\NHS
4869-4410-5607 .v1

"additional ***viable*** claims . . . ." Id. (emphasis added). A claim previously dismissed with prejudice is not a "viable" claim.

Without citing any authority to support his proposition, Plaintiff claims that the Court can simply skip considering the circumstances warranting a revision of an interlocutory order. But at least one panel of the Fourth Circuit has expressly stated that a District Court may revise an interlocutory order "***only*** . . . in three narrow circumstances: (1) if the trial produces substantially different evidence; (2) if there is a change in applicable law; or (3) when the court has committed a clear error resulting in a manifest injustice." Bethany Boardwalk Grp. LLC v. Everest Sec. Ins. Co., No. 20-2319, 2022 WL 12324609, 2022 U.S. App. LEXIS 29398, at *16-17 (4th Cir. Oct. 21, 2022) (per curiam) (emphasis added). None of the cases cited by Plaintiff suggest that the Court may ignore these factors. Instead, each of them expressly lists those three factors as the grounds that "must" exist in order to revise an interlocutory order. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003) (citing Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)) (earlier decisions of a court become law of the case and "must" be followed "unless" one of three circumstances met). Plaintiff does not cite a single case where a court has departed from the well-established test for revising interlocutory orders.

Plaintiff then argues that the circumstances of this case satisfy factors 1 and 2 of the Rule 54(b) test. As to the first factor, Plaintiff claims there are new factual allegations in the Complaint to support his due process claim. But the Court must recall how we ended up in this procedural quagmire in the first place. That is because Plaintiff claimed "his former counsel did not include certain information [Plaintiff] deemed pertinent in the

FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4869-4410-5607 .v1

original or amended complaint." But the "new" allegations were not newly discovered for purposes of satisfying the Rule 54(b) standard, and Plaintiff does not argue otherwise.[1] Norris v. PNC Bank, N.A., No. 20-3315, 2022 WL 5054099, 2022 U.S. Dist. LEXIS 182325, *15 (D. Md. Oct. 4, 2022) (citing Carlson v. Boston Sci. Corp., 856 F.3d 320, 326 (4th Cir. 2017)); Knox v. United States, No. 0:17cv36, 2018 WL 4020209, 2018 U.S. Dist. LEXIS 143512, *6–7 (D.S.C. Aug. 23, 2018). In an attempt to end run this fundamental problem, Plaintiff argues these facts "were either facts that [Plaintiff's] prior counsel did not include . . . or which [Plaintiff] . . . did not know of or had no reason to recognize the legal import of." Again, neither reason offered by Plaintiff meets the standard for "new" evidence "discovered during litigation." U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC, 899 F.3d 236, 257, 259 (4th Cir. 2018). It is not even "substantially different" because Plaintiff had already claimed, for example, that he was not able to have an advisor, and referenced the same student code of conduct. ECF No. 37, ¶¶ 66, 78–81.

Next, Plaintiff argues that he should not bear the result of his former counsel's failure to include these allegations in his prior iterations of his lawsuit. But as Plaintiff recognizes, cases have been dismissed for far less egregious errors by counsel. See Link v. Wabash R. Co., 370 U.S. 626, 633 (1962) (dismissing suit due to counsel's failure to appear for pretrial conference). The Supreme Court later quoted the Link Court approvingly, noting that a party

> "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely



---

[1] The "new" allegations in paragraphs 67, 68, and 69 are some of the specific allegations Defendants advised Plaintiff are materially false. The hearing was recorded and shows unequivocally that Plaintiff had an advisor present and the opportunity to ask questions during the hearing. Plaintiff has a copy of this recording in his possession. This is not an issue of a "disagreement" over the facts of the case. It is about Plaintiff's and Plaintiff's counsel's duty of candor to the Court.

629.0407\NHS
4869-4410-5607 .v1

selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyeragent and is considered to have notice of all facts, notice of which can be charged upon the attorney."

Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993). Thus, the Pioneer Court declared, "the proper focus is upon whether the neglect of respondents *and their* counsel was excusable." Id. Plaintiff cannot be permitted to "avoid the consequences" of his counsel's omissions, particularly where the result reverses a prior dismissal with prejudice and casts aside the substantive rights of the defendants who fought over and over again for the Court's decision. And again, if Plaintiff's former counsel truly failed to include allegations Plaintiff deemed pertinent, Plaintiff 's remedy lies in state court and against his former counsel.

Finally, Plaintiff argues that the Court's decision to dismiss the due process claim with prejudice (and presumably the two prior dismissals of that claim without prejudice) and dismissal of the Title IX hostile environment claim was "clearly erroneous."[2] But Plaintiff offers no argument as to how the Court's prior decision was so wrong that it stunk "with the force of a five-week old, unrefrigerated dead fish." U.S. Tobacco, 899 F.3d at 258. Here, the Court's dismissal of the due process and Title IX hostile environment claims with prejudice was not "dead wrong." Id. The overwhelming weight of authority demonstrates that similar allegations as those in Plaintiff's Second Amended Complaint fail to show a cognizable property interest in continued post-secondary education. See, e.g., Dillow v. Va. Polytechnic Inst. & State Univ., No. 7:22cv280, 2023 WL 5925543, 2023 U.S. Dist. LEXIS 161273 (W.D. Va. Sept. 12, 2023); Dillow v. Va. Polytechnic Inst. & State

---

[2] Plaintiff claims that the dismissal of the Title IX claim against former defendant Alexi Onufriev was also "clearly erroneous," but he does not provide any argument as to why. And for good reason too, as there is absolutely no basis for a Title IX claim against an individual defendant.

- 4 -

629.0407\NHS
4869-4410-5607 .v1

Univ., No. 7:22cv280, 2023 WL 2320765, 2023 U.S. Dist. LEXIS 34952 (W.D. Va. Mar. 2, 2023); Jacob Doe v. Va. Polytechnic Inst. & State Univ., No. 7:19cv249, 2020 WL 1309461, 2020 U.S. Dist. LEXIS 47754 (W.D. Va. Mar. 19, 2020); Byerly v. Va. Polytechnic Inst. & State Univ., No. 7:18cv16, 2019 WL 6684523, 2019 U.S. Dist. LEXIS 210609 (W.D. Va. Dec. 6, 2019); John Doe v. Va. Polytechnic Inst. & State Univ., 400 F. Supp. 3d 479 (W.D. Va. 2019). Nor does Plaintiff demonstrate how the hostile environment claim was wrongly decided so as to warrant revision of the Court's prior Order.

Accordingly, because the circumstances in this case do not meet the test articulated in U.S. Tobacco, Plaintiff's due process and Title IX hostile environment claims cannot be revived through Rule 54(b).

**II. Due Process Claim**

    **a. Plaintiff fails to allege a property interest.**

Plaintiff attempts to overcome his failure to cite the correct version of the code of conduct upon which he purports to rely for his property interest claim by drawing comparisons to the correct version of the code of conduct.[3] This is akin to a plaintiff attempting to amend a complaint in response to a motion to dismiss, which is not permissible. See Rice v. Scholastic Book Fairs, Inc., 579 F. Supp. 3d 786, 795 (E.D. Va. 2022) (quoting Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004)); Davis v. Cole, 999 F. Supp. 809, 813 (E.D. Va. 1998). The fact of the matter is that Plaintiff based his property interest claim on a version of the code of conduct that did

---

[3] Plaintiff does not argue that the Court is precluded from considering the correct version of the code of conduct for purposes of Defendants' motion to dismiss.

- 5 -

not even exist during his time at Virginia Tech. He cannot now in response to a motion to dismiss try to remedy that essential flaw to his property interest claim.[4]

Plaintiff's improper attempt to amend his complaint through his response notwithstanding, Plaintiff does not cite a single case decided under Virginia law supporting his purported property interest arising out of the student code of conduct. Contrary to Plaintiff's argument, Doe v. Alger did not find a property right existed. The Alger Court merely allowed that plaintiff to attempt to prove one did, but the university defendant ultimately conceded that a property right existed based on its answer to the complaint. Doe v. Alger, 228 F. Supp. 3d 713, 716, 726, 728 (W.D. Va. 2016).

By contrast, courts interpreting Virginia law consistently hold that neither accreditation standards, student handbooks, syllabi, nor the payment of tuition create a contract between the university and its students. See Murray v. Liberty Univ., Inc., No. 6:22-cv-00025, 2022 WL 4082483, 2022 U.S. Dist. LEXIS 160793, at *15–16 (W.D. Va. Sep. 6, 2022); Owen v. Liberty Univ., No. 6:19-cv-00007, 2020 WL 1856798, 2020 U.S. Dist. LEXIS 64579, at *21–27 (W.D. Va. Apr. 13, 2020); Jacob Doe v. Va. Tech, No. 7:19cv249, 2020 WL 1309461, 2020 U.S. Dist. LEXIS 47754, at *17 (W.D. Va. Mar. 19, 2020) (hereinafter "Jacob Doe v. Va. Tech") (citing Doe v. Washington & Lee Univ., 439 F. Supp. 3d 784 (W.D. Va. 2020); Doe v. Marymount Univ., 297 F. Supp. 3d 573, 588 (E.D. Va. 2018)); see also George v. Averett Univ. of Danville, No. 4:19cv8, 2019 WL 3241177, 2019 U.S. Dist. LEXIS 119600, at *7–8 (W.D. Va. July 18, 2019).

---

[4] Defendants believed Exhibits A and B were included as attachments to the brief in support of their motion to dismiss before confirming filing through CM/ECF. Regardless, Defendants provided hyperlinks to the exhibits, and they are attached to this reply brief.

629.0407\NHS
4869-4410-5607 .v1

FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

Thus, such materials do not give rise to a property right. Sheppard v. Visitors of Va. State Univ., 993 F.3d 230, 239 (4th Cir. 2021) (violations of school procedures do not implicate interests that trigger a federal due process claim). Furthermore, the fact that they are susceptible to unilateral revision by the university confirms that such materials could provide only a unilateral expectation on behalf of the plaintiff, which is insufficient to support a property right. See, e.g., Doe v. Va. Polytechnic Inst. & State Univ., 617 F. Supp. 3d 412, 424 (W.D. Va. 2022) (Urbanski, J.); Davis v. George Mason Univ., 395 F. Supp. 2d 331, 337 (E.D. Va. 2005).

As to Plaintiff's claimed property interest in his academic credits and PhD (to the extent separable from Plaintiff's claimed property interest in his continued enrollment), similar allegations were addressed in Byerly v. Virginia Polytechnic Institute and State University. In Byerly, the plaintiff claimed he had a property interest in his course credits and the costs of attending an academic program. Byerly, 2019 U.S. Dist. LEXIS 210609, *9–10. Like here, the Byerly plaintiff relied on Richardson v. Town of Eastover, 922 F.2d 1152, 1157 (4th Cir. 1991) to support his alleged property interest. The Byerly Court rejected that plaintiff's argument, explaining that

> a business owner's property interest in a business license under the city's license renewal ordinance bears little relationship to Byerly, who claims a protected property interest in course credits not yet earned. A license issued by the state that can be suspended only upon a showing of cause is distinguishable from yet unearned course credits in a university.

Id. at *10–11. The plaintiff in Byerly also relied on Merrow v. Goldberg, 672 F. Supp. 766, 771 (D. Vt. 1987), just as Plaintiff does here. But the Byerly Court noted that the parties in Merrow "agreed that the plaintiff had a property interest in his course credits, and thus the [Merrow] court made 'no conclusion of law as to whether plaintiff has a protected


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 7 -

629.0407\NHS
4869-4410-5607 .v1

property interest in his credits' instead simply assuming such an interest exists." Id. at *11 (quoting Merrow, 672 F. Supp. at 771).

The Byerly Court's analysis aside, Plaintiff's argument that a university degree and course credits are not "meaningfully different" from a state issued license is unpersuasive. First, nothing happened to Plaintiff's earned course credits; he could have attempted to transfer them to another school. Plaintiff argues the credits have "been effectively rendered worthless," but he alleges no facts to support that conclusion such as any attempt to transfer them to another school. Further, Plaintiff's degree is not something solely within the control of the state to confer. Plaintiff could obtain a graduate degree from any number of private institutions in Virginia or outside the Commonwealth.

b. **Notice for due process purposes means notice of the charges.**

The Dixon standard endorsed by the Fourth Circuit focuses on advance notice of the charges against the student, not advance notice of the hearing date. See Dixon v. Ala. State. Bd. of Educ., 294 F.2d 150, 158–59 (5th Cir. 1961). Doe does not claim he did not receive sufficient notice of the *charges* against him, and the notices he received on February 17, 18, and 28, 2020, afforded him sufficient time to prepare for any hearing. Accordingly, Doe received adequate notice, and Defendants did not violate his rights to due process.

Furthermore, Cherry-Clarke could not have intentionally violated Doe's due process rights. See Vanderwall v. Commonwealth of Virginia, No. 1:05cv1341, 2006 WL 6093879, 2006 U.S. Dist. LEXIS 96149, *20 (E.D. Va. Aug. 9, 2006) (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)) aff'd 223 F. App'x 249 (4th Cir. 2007); see also McDonald v. Dunning, 760 F. Supp. 1156, 1161 (E.D. Va. 1991) (plaintiff's 21-day


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

imprisonment was the result of negligence and therefore not actionable under Due Process Clause). As noted by the Vanderwall Court, "mere negligence, without more, cannot sustain" a due process claim. Id.; see also Yawn v. Dorchester Cnty., 1 F.4th 191, 198 (4th Cir. 2021) (Traxler, J., concurring).

Accordingly, Plaintiff fails to state a claim for a violation of his due process rights.

### c. Qualified immunity

It is questionable in light of the Fourth Circuit's recent opinions in Sheppard and Doe v. Va. Tech how Plaintiff can credibly contend that qualified immunity does not bar an individual capacity due process claim based on a purported property right in post-secondary education. But Plaintiff goes even further and tries to suggest that his alleged property interest in his PhD and course credits was clearly established, relying solely on his strained reading of Richardson and a perfunctory allusion to Board of Regents v. Roth, 408 U.S. 564 (1972). As set forth above, however, Richardson is not an apt source for the clearly established law requirement, and if Roth clearly established Plaintiff's property right, surely the Fourth Circuit would not have declined—at least three times in the last two years—to find a property right in a post-secondary degree or course credit. Doe v. Va. Polytechnic Inst. & State Univ., 77 F.4th 231, 236 (4th Cir. 2021); Doe v. Citadel, No. 22-1843, 2023 WL 3944370, 2023 U.S. App. LEXIS 14579, *3–4 (4th Cir. June 12, 2023) (per curiam); Sheppard v. Visitors of Va. State Univ., 993 F.3d 230, 239 (4th Cir. 2021).

Accordingly, the individual capacity claim against Cherry-Clarke is barred.

### III. Title IX

In his opposition brief, Plaintiff confirms that he is also attempting to reallege his Title IX hostile environment claim the Court previously dismissed with prejudice. For the



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 9 -

629.0407\NHS
4869-4410-5607 .v1

reasons in section I.a., *supra*, that claim cannot be revived. Further, the allegations in the Third Amended Complaint do not materially differ from those in the prior iterations, which the Court found insufficient to state a Title IX hostile environment claim. Indeed, some of the new allegations do not even pertain to gender but rather Plaintiff's ethnicity. See ECF No. 86, ¶¶ 21, 35.

Further, Plaintiff does not respond to Defendants' argument that he fails to allege facts imputing liability to the university for purposes of his retaliation claim. To support a Title IX retaliation claim, the Plaintiff must allege facts showing the university acted with deliberate indifference to the alleged retaliatory harassment by adequately pleading that school officials had knowledge of the retaliatory harassment. Danvers v. Loudon Cnty. Sch. Bd., No. 1:21cv1028, 2022 WL 4585524, 2022 U.S. Dist. LEXIS 178213, *26–27 (E.D. Va. Sept. 29, 2022) (citations omitted). Plaintiff has not alleged that he reported any retaliatory conduct by Onufriev to anyone else at Virginia Tech. Thus, Virginia Tech could not have been deliberately indifferent to the alleged conduct if they had no notice of it.

## CONCLUSION

For the foregoing reasons, defendants Virginia Polytechnic Institute and State University, Timothy Sands, and Tamara Cherry-Clarke, by counsel, respectfully request entry of an Order granting Defendants' Motion to Dismiss, dismissing this case with prejudice, and granting such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY, TIMOTHY SANDS, and
TAMARA CHERRY-CLARKE



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4869-4410-5607 .v1

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
          nschnetzler@faplawfirm.com


Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4869-4410-5607 .v1

- 11 -

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



629.0407\NHS
4869-4410-5607 .v1