IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:21cv378 |
| ) | |
| VIRGINIA POLYTECHNIC INSTITUTE ) | |
| AND STATE UNIVERSITY, et al., ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff's Motion to Compel should be denied outright for failing to comply with the Court's Scheduling Order, ECF No. 73. Regardless, Plaintiff's Motion to Compel is untimely and should be denied. Accordingly, defendants Virginia Polytechnic Institute and State University ("Virginia Tech"), Timothy Sands ("Sands"), and Tamara Cherry-Clarke ("Cherry-Clarke") (collectively "Defendants") submit this opposition to Plaintiff's Motion to Compel.

**STATEMENT OF THE CASE**

This case has been pending for over three years. A portion of Plaintiff's claims survived early motions to dismiss, yet Plaintiff failed to engage in any discovery until May of 2024 despite retaining new counsel in July of 2023 and the Court ruling on the most recent motion to dismiss in early January 2024. Defendants timely responded and objected to Plaintiff's discovery requests. On June 27, Plaintiff's counsel sent a letter regarding perceived deficiencies in Defendants' discovery responses. Defendants responded on July 2, and Plaintiff's sent another letter in response on July 3.



629.0407\NHS
4870-1005-6662 .v1

The discovery cutoff in this case was originally July 10. Despite not having provided any initial disclosures or responses to Virginia Tech's discovery requests, Plaintiff sought to extend the discovery cutoff to allow for multiple depositions he wished to conduct. Before engaging in motions practice over this discovery matter, Defendants contacted the Court to request an informal conference, and the Court referred the dispute to Judge Memmer.

The parties scheduled a conference call with Judge Memmer for July 12—after the discovery cutoff and with no motion to amend the scheduling order pending. Prior to the call, Judge Memmer requested "a brief summary of the discovery issues[.]" **Ex. 1**. Despite having exchanged correspondence regarding the Defendants' discovery responses, Plaintiff's counsel responded,

> . . . the discovery cut-off was yesterday (July 10). Plaintiff is seeking an extension of the discovery deadline to July 31, 2024, to conduct depositions, and related extension of the deadline to file dispositive motions to August 14, 2024 (Plaintiff will not be filing any dispositive motions, but recognizes that the proposed new discovery deadline would put us past the original deadline to file dispositive motions). Would be happy to provide more background details, but that is the gist of the dispute.

Id. Defense counsel responded to Plaintiff's summary of the issues in dispute to add that Plaintiff had not responded to discovery or objections.

The parties held the conference call with Judge Memmer on July 12. Judge Memmer accepted Plaintiff's request as an oral motion to amend the scheduling order and granted it in part to allow limited deposition discovery. ECF No. 122.[1] The Order said nothing



---

[1] As defense counsel advised the Court and Plaintiff's counsel during this conference, the adjustment of the discovery cutoff to facilitate the four depositions allowed to the Plaintiff and the shift of the dispositive motion deadline created substantial strain on defense counsel's schedule as numerous other matters in July and August had been scheduled around the scheduling order in this case.

- 2 -

629.0407\NHS
4870-1005-6662 .v1

regarding written discovery because Plaintiff did not raise any concerns about Defendants' discovery responses during the conference call despite having the opportunity to do so.

Plaintiff then conducted four depositions, including Cherry-Clarke. Defendants deposed the Plaintiff the same day as Cherry-Clarke's deposition.[2] The depositions occurred over three days, but Plaintiff did not once mention the subject discovery dispute to defense counsel before, during, or after these depositions.

Plaintiff's counsel requested Defendants' position on the discovery dispute via email on August 5. Before defense counsel could confer and provide a response on the issue, Plaintiff filed the instant motion almost one month after the original discovery cutoff in this case, eight business days before Defendants' summary judgment motion must be filed, and without first asking the Court for an informal conference.

## ARGUMENT & AUTHORITY

Plaintiff's motion fails to comply with the Court's Scheduling Order, which directs "the parties . . . to contact the court in an effort to resolve any issue" before filing any discovery motions. ECF No. 73. Thus, the Court may deny the motion automatically due to Plaintiff's failure to comply with the clear, express language of the Court's Order.

Regardless, the Motion to Compel is untimely, Plaintiff had the opportunity to obtain information from Cherry-Clarke during her deposition but decided not to do so, and the discovery sought is not reasonably tailored or proportional to the needs of this case.

---

[2] Plaintiff filed a Motion for Protective Order regarding the location and time of Plaintiff's deposition, arguing, in part, that Plaintiff needed sufficient time to travel home and that more than an hour was likely needed for the deposition of Cherry-Clarke scheduled for the same day. Defendants were not able to respond prior to the Court ruling on the motion. For the record, Plaintiff was not scheduled to fly home to Texas until August 3 (the day after his deposition), and Cherry-Clarke's deposition lasted approximately forty-five (45) minutes.

- 3 -

629.0407\NHS
4870-1005-6662 .v1

FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

I. **<u>Plaintiff's Motion is Untimely</u>**

"Generally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely." <u>Emerson v. Creek Pottery, Inc. v. Countryview Pottery Co.</u>, No. 6:20cv54, 2021 U.S. Dist. LEXIS 259418, *4–5 (W.D. Va. Dec. 29, 2021) (internal quotations omitted). Motions to compel discovery filed after the discovery cutoff, however, are routinely denied by courts in the Fourth Circuit. <u>Id.</u> at *5 (collecting cases). Indeed, when parties have had an "adequate opportunity to perform all the discovery they needed," untimely motions to compel "are less likely to be considered." <u>Wooten v. Commonwealth of Virginia</u>, No. 6:14-cv-13, 2015 U.S. Dist. LEXIS 193402, 2015 WL 13658068, at *2 (W.D. Va. June 9, 2015) (internal quotations omitted). And failure "to pursue a discovery remedy in a timely fashion may constitute a waiver of [alleged] discovery violations." <u>Id.</u>, *4.

"Courts seldom review untimely motions to compel when the recipient party consistently and adamantly refused to respond to the discovery requests, particularly when the requesting party easily could have filed a timely motion to compel." <u>Id.</u> When considering whether to entertain an untimely motion to compel, courts should take into account the prejudice to the recipient party if reopening discovery could impact pending dispositive motions. <u>Id.</u>, *5.

Here, the discovery dispute was live before the discovery cutoff and before the informal conference call with Judge Memmer, but Plaintiff took no action to compel responses from the Defendant and failed to even raise the concerns with Judge Memmer. The motion is untimely, and Plaintiff has offered no good cause for why he waited to file this motion almost a month after the original discovery cutoff and eight business days prior



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 4 -

629.0407\NHS
4870-1005-6662 .v1

to Defendants' deadline to file a motion for summary judgment. Before discovery closed and before the informal conference with Judge Memmer, Plaintiff's counsel "certainly had fair notice" that Defendants intended to rest on their objections but did not file a timely motion or even suggest to Judge Memmer that the interrogatory responses needed to be addressed. As to the interrogatories directed to Cherry-Clarke, Plaintiff's counsel—after fighting for the opportunity to depose her after the Plaintiff's deposition—had a full and fair opportunity to depose Cherry-Clarke on the interrogatories directed to her but did not do so.[3]

Plaintiff's counsel had a full and fair opportunity to raise the discovery issues prior to the discovery cutoff but chose not to do so, and as a result, Plaintiff's motion should be denied outright.

## II. **Plaintiff's Discovery Requests Are Disproportionate to the Needs of the Case**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" including information about documents or tangible things, or persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1). But the appropriate scope of discovery must be assessed in light of the 2015 amendment to Rule 26. Specifically, discovery must be limited to information that is

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

[3] The court has the discretion to enter a protective order limiting discovery if (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . . Fed. R. Civ. P. 26(b)(2)(C).

629.0407\NHS
4870-1005-6662 .v1

whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The 2015 amendment to Rule 26 reflects a restoration of the dual responsibilities of the parties with respect to the scope of discovery as well as the court's ability to aggressively identify and discourage discovery overuse. See Advisory Committee Notes to Fed. R. Civ. P. 26, 2015 Amendment.[4]

While federal courts still rely on pre-amendment case law when presiding over discovery disputes, they now recognize that they must "put a greater emphasis on the needs to achieve proportionality . . . ." Eramo v. Rolling Stone LLC, 314 F.R.D. 205, 209 n.2 (W.D. Va. 2016); see also Adair v. EQT Prod. Co., Nos. 1:10CV00037, 1:10CV00041. 1:11CV00031, 1:10CV00059, 1:10CV00065, 2015 U.S. Dist. LEXIS 14255, *12-13 n.3 (W.D. Va. Feb. 6, 2015).

Interrogatory 6 to Virginia Tech seeks information about every single undergraduate and graduate student that was dismissed, suspended, or expelled from the university regardless of the reason. This information is not tracked and would require the university to review every single such suspension, dismissal, expulsion or other discipline for that ten-year period to provide the information Plaintiff requests. The request is not even tailored to student conduct matters and implicates other reasons for sanctioning a student that are not related to this case at all including, but not limited to, academic, financial, honor code,

---

[4] In advance of the 2015 amendment, the Advisory Committee responsible for the amendment reviewed numerous surveys revealing sentiments that discovery costs were too high in proportion to clients' stakes in a given case, and costs, rather than merits, appeared to be playing a larger role in settlement decisions. See Memorandum from Judge David G. Campbell for Judge Jeffrey Sutton (June 14, 2014), at *109, *113–114, http://www.uscourts.gov/file/document/congress-materials (last visited April 29, 2020); see also John H. Beisner, Discovering a Better Way: The Need for Effective Civil Litigation Reform, 60 Duke L.J. 547, 549 (2010) (explaining that discovery can "comprise between 50 percent and 90 percent of total litigation costs" in a case).

- 6 -

and Corps of Cadets matters. Plaintiff believes this information will shore up his claim of a property interest in his continued education, but such a herculean effort is not proportionate to a claim for which only injunctive relief is available, particularly at the eleventh hour of the litigation. Moreover, to the extent the request could be narrowed by timeframe and scope (i.e., Title IX investigations that proceeded to a hearing), such information is publicly available.

The same problem pertains to interrogatory 7 to Virginia Tech. Virginia Tech does not track the date of notice prior to a student conduct hearing, so it would have to review each individual case and try to ascertain from the available information when a particular student received notice of the hearing. This request is also irrelevant because the amount of time that constitutes sufficient notice in advance of a student conduct hearing is a legal question for the Court and does not turn on how much or how little notice any other student may have received.

Finally, as noted above, Plaintiff had the opportunity to ask Cherry-Clarke to provide the requested information during her deposition but failed to do so. Cherry-Clarke should not be penalized for Plaintiff's failure.

**C<small>ONCLUSION</small>**

For the foregoing reasons, Defendants respectfully request entry of an Order denying Plaintiff's Motion to Compel, awarding Defendants costs and fees pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, and granting such further relief as the Court deems just and proper.

                                          Respectfully Submitted,


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4870-1005-6662 .v1

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS and TAMARA CHERRY-CLARKE

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
           nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474
*Counsel for Defendants*



629.0407\NHS
4870-1005-6662 .v1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0407\NHS
4870-1005-6662 .v1