IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 7:21cv378 |
| | ) |
| VIRGINIA POLYTECHNIC INSTITUTE | ) |
| AND STATE UNIVERSITY, et al., | ) |
| | ) |
|    Defendants. | ) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF SEVENTH MOTION IN LIMINE — UNTIMELY DISCLOSURES —

Defendants Virginia Polytechnic Institute and State University ("Virginia Tech"), Timothy Sands ("Sands"), and Tamara Cherry-Clarke ("Cherry-Clarke") (collectively "Defendants"), by counsel, submit this memorandum in support of their Motion *in Limine* to exclude (1) certain evidence that was not timely disclosed by the plaintiff and (2) the allegation/claim that plaintiff had only 24 hours' notice of his Student Conduct hearing.

#### RELEVANT PROCEDURAL HISTORY OF THE CASE

This case has been pending for over three years. A portion of Plaintiff's claims survived early motions to dismiss. On June 15, 2023, Defendants served their initial discovery disclosures on the (as of then) *pro se* plaintiff. On June 20, Defendants emailed the *pro se* plaintiff requesting his overdue initial disclosures. On June 22, the Court held a status conference and asked plaintiff's current counsel to take on the representation of plaintiff. During that conference, the Court was adamant that discovery must go forward. Hr'g Tr., 23:1–14, 24:11–24, 30:17–25, 32:2–12, 34:6–10 (June 22, 2023).





At a status conference in September 2023, the Court again noted that discovery should be moving along in the case. Hr'g Tr., 9:19–10:11, 12:2–10, 13:1–8 (Sept. 19, 2023). At the hearing on Defendants' motion to dismiss, plaintiff's counsel acknowledged that discovery should be moving forward despite the pending motion. Hr'g Tr., 37:5–11 (Jan. 16, 2024).

Plaintiff failed to engage in any discovery until May of 2024 (including failing to provide initial discovery disclosures) despite retaining new counsel in July of 2023 and the Court ruling on the most recent motion to dismiss in early January 2024. Not having the burden of proof or production, Defendants intended to rely on declarations and documents in their possession to support their forthcoming (and now pending) motion for summary judgment.

In May of 2024, two months prior to the discovery cutoff, plaintiff issued his first discovery requests to Defendants. Defendants issued their own discovery requests to plaintiff on May 15. Defendants timely responded and objected to Plaintiff's discovery requests. Plaintiff did not provide any responses or objections to Defendants' discovery requests despite being afforded a two-week extension to respond.

On July 2, Defendants wrote to plaintiff and noted that his discovery responses were overdue and that any objections to the discovery requests were waived as a result of plaintiff's failure to timely object. ECF No. 130-4, *3. Plaintiff responded to Defendants' letter and provided any valid reason for the failure to respond or timely object to the discovery requests. ECF No. 130-5, *2.

The discovery cutoff in this case was originally July 10. Despite not having provided any initial disclosures or responses to Virginia Tech's discovery requests, Plaintiff sought

- 2 -

629.0407\NHS
4892-4699-5939 .v1

to extend the discovery cutoff to allow for multiple depositions he wished to conduct (he did not request additional time to respond to Defendants' discovery requests). Before engaging in motions practice over this discovery matter, Defendants contacted the Court to request an informal conference, and the Court referred the dispute to Judge Memmer.

The parties scheduled a conference call with Judge Memmer for July 12—after the discovery cutoff and with no motion to amend the scheduling order pending. Prior to the call, Judge Memmer requested "a brief summary of the discovery issues[.]" See ECF No. 132-1. Defense counsel responded to Plaintiff's summary of the issues in dispute to add that Plaintiff had not responded to discovery or made any objections to their discovery requests. Id. During the informal conference, Judge Memmer ordered that the discovery cutoff would be extended for the limited purpose of conducting a limited number of depositions.[1] Judge Memmer also ordered plaintiff to provide initial disclosures and verified interrogatory responses no later than July 17.

On July 15, plaintiff finally provided initial disclosures and responses to Defendants' interrogatories. **Ex. 1**; **Ex. 2**. Plaintiff failed to fully respond to the interrogatories, presumably because he did not have information to substantiate certain allegations. Defendants deposed plaintiff on August 3, and for the first time he disclosed information that ostensibly supports his allegations in the Amended Complaint. Moreover, despite answering in a sworn interrogatory response that he had only 24 hours' notice of his Student Conduct hearing, Doe acknowledged in his deposition that his repeated allegations and sworn statement were incorrect. Even if Doe didn't recall the timing of his hearing during the course of the filing of the multiple iterations of his Complaint, Doe (and his

---

[1] Defendants adamantly objected to this request during the call.

- 3 -

629.0407\NHS
4892-4699-5939 .v1

attorneys) knew that allegation was false ("the opposite of the truth" in Doe's words) when he provided his interrogatory responses because he had been provided with all of the Student Conduct records relevant to his claim and the subject Student Conduct hearing. Thus, there was absolutely no basis for him to answer in a sworn interrogatory response that he had only 24 hours' notice of his Student Conduct Hearing. Yet, he did so anyway.

<h2 style="text-align:center">ARGUMENT & AUTHORITY</h2>

### I. Standard of Review

"A motion in limine is a pretrial motion which requests that the court exclude inadmissible or prejudicial evidence before it is actually offered at trial." <u>Gonzalez v. Seaworld Parks & Entm't., LLC</u>, No. 4:20cv27, 2021 U.S. Dist. LEXIS 141256, at *2–3 (E.D. Va. July 28, 2021) (internal quotations omitted). Motions in limine "may be directed toward barring specific evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 James Wm. Moore, Moore's Federal Practice § 16.77(3)(d)(ii) (3d ed. 2013).

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." <u>United States v. Verges</u>, No. 1:13cr222, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). Such "[q]uestions of trial management are quintessentially the province of the district courts." <u>United States v. Smith</u>, 452 F.3d 323, 332 (4th Cir. 2006). But a motion in limine must be granted when the evidence "is clearly inadmissible on all potential grounds." <u>Emkami v. Bolden</u>, 241 F. Supp. 3d 673, 681–82 (E.D. Va. 2107) (internal quotations omitted).



- 4 -

629.0407\NHS
4892-4699-5939 .v1

## II. Plaintiff's Discovery Responses and Deposition Testimony

At least three of plaintiff's interrogatory responses were woefully incomplete.

Interrogatory 11 asked Plaintiff to identify all facts, witnesses, and documents supporting his allegations in paragraph 18 of the Complaint. In that allegation, plaintiff claimed that he once stayed up until 4:00 a.m. preparing "plots and graph" for a grant proposal. In his interrogatory response, plaintiff referred to his response to interrogatory 10 but did not otherwise give any information relevant to the "plots and graph" he allegedly prepared for the grant proposal. Moreover, his response to interrogatory 10 made no reference to any "plots" or "graph" that he allegedly prepared for a grant proposal. Because plaintiff failed to disclose the information directly responsive to interrogatory 11, he should be precluded from testifying that he prepared any "plots" or "graph" in connection with the two grant proposals at issue.

Interrogatory 12 asked plaintiff to identify all facts, witnesses, and documents supporting his allegations in paragraph 20 of the Complaint. In that allegation, plaintiff claimed that the female student in the lab was "also a graduate student like Mr. Doe and in all material respects similarly situated to him." Plaintiff's interrogatory response gave absolutely no explanation as to why he and the female graduate student in the lab were similarly situated "in all material respects." As Defendants have demonstrated in their summary judgment motion, it is undisputed that plaintiff and the female student were not similarly situated in that they had different educational backgrounds, were pursuing Ph.D.s in different fields, and had researched and published on completely different types of water models: Doe had some experience with "explicit" water models such as the OPC model; the female student, on the other hand, had experience working with "implicit" water models,



- 5 -

629.0407\NHS
4892-4699-5939 .v1

such as the generalized Born model. Because plaintiff failed to disclose how he believed that he was similarly situated to the female graduate student other than that they both worked in the lab and were graduate students, he should be precluded from testifying or arguing that he and the female student were otherwise similarly situated.

Interrogatory 14 asked plaintiff to identify all facts, witnesses, and documents supporting his allegations in paragraph 22 of the Complaint. In that allegation, plaintiff asserted that the female student's work "did not support obtaining the grant." In his response to interrogatory 14, plaintiff provided no explanation as to why he believed that the female student's work did not support the grant. And, in fact, Defendants have demonstrated that it is undisputed that the female's work did support the grant applications and that she published papers directly relevant to the grant's research both before and after the grant was awarded. Because plaintiff failed to disclose how he believed that the female student's work did not support the grant, he should be precluded from testifying or arguing the same at trial.

Interrogatory 15 asked plaintiff to identify all facts, witnesses, and documents supporting his allegations in paragraph 26 of the Complaint. Paragraph 26, of course, contains the allegation that plaintiff once saw Dr. Onufriev and the female student kissing. Yet again, plaintiff utterly failed to disclose any information about the kissing allegation in his response. In his deposition, however, plaintiff insisted that he had personally observed Dr. Onufriev and the female student kissing, provided (alleged) details about the event, and even stated that he told another person about the incident. But none of that information was disclosed despite plaintiff apparently giving the information to his counsel:

> Q:  I want to know why you didn't provide any of the information you just testified about in this interrogatory response.



629.0407\NHS
4892-4699-5939 .v1

A:     Which information?

Q:     That it occurred at the end of the semester of 2019, that you were walking your dog, that it was around Church Street, that it was in the spring, it was the end of the semester, and that you told Jeff Law about it. Is any of that information contained in that response?

\* \* \* \*

Q:     The answer to Paragraph [*sic*] 15 doesn't contain any information about the incident where you allege you saw Dr. Onufriev kissing Negin, correct?

A:     Yes, you're right. . . .

\* \* \* \*

A:     I wrote it for Daniel and gave it to him and explained all of the situation, that I was walking my dog and told Jeffrey about it.

\* \* \* \*

Q:     When did you first see these questions that are in Exhibit 37?

A:     I think a month or two months ago when Daniel send it for me.

Q:     You signed them on July 15, is that correct?

A:     Yes.

\* \* \* \*

Q:     How long after you received this document did you sign the answers?

A:     Two or three weeks, I think.

ECF No. 136-4, 113:16–116:8.[2]

Because plaintiff failed to timely disclose this information, he should be precluded from referencing the "kissing" allegation in testimony or argument.

### III. Rule 26 Requires Timely Disclosure of Information in a Party's Possession

Rule 26(a)(1)(A)(i) requires a party to provide to the other party, "without waiting for a discovery request," initial disclosures including: "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the

---

[2] This testimony also raises a separate concern: if the discovery requests were sent to plaintiff's counsel on May 15, why did plaintiff receive them approximately two to three weeks before signing them?

629.0407\NHS
4892-4699-5939 .v1

subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" "The purpose of Rule 26(a) is to allow litigants 'to adequately prepare their cases for trial and to avoid unfair surprise.'" Bresler v. Wilmington Trust Co., 855 F.3d 178, 190 (4th Cir. 2017) (quoting Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014)).

The disclosing party also "must supplement or correct" its initial disclosures and any discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37 of the Federal Rules of Civil Procedure addresses repercussions for a party's failure to disclose or supplement information required by Rules 26(a) and 26(e). That Rule provides that:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

"The basic purpose of this exclusionary rule is to prevent 'surprise and prejudice to the opposing party,'" and "[i]t is not necessary that the nondisclosure be in 'bad faith or callous disregard of the discovery rules' for the evidence to be excluded." Quesenberry v. Volvo Grp.



629.0407\NHS
4892-4699-5939 .v1

N. Am., Inc., 267 F.R.D. 475, 478 (W.D. Va. 2010) (quoting S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003)).[3]

Thus, a party will not be allowed to use the untimely disclosed information unless the failure to timely disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In the Fourth Circuit, the test enunciated in Southern States Rack & Fixture, Inc. controls, which articulates five factors for the Court to consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

S. States Rack & Fixture, 318 F.3d at 597. The burden of persuasion on this issue rests with the non-disclosing party. Bresler, 855 F.3d at 190 (citing Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014)).

Notably, disclosing information and witnesses even on "the *very last day* of discovery" is untimely. Gomez v. Haystax Tech., Inc., 761 F. App'x 220, 232 (4th Cir. Mar. 5, 2019) (emphasis in original); see also Reed v. Washington Area Metro. Transit Auth., 2014 WL 2967920, 2014 U.S. Dist. LEXIS 89598, *3, *6 (E.D. Va. July 1, 2014) ("Making a supplemental disclosure of [ ] known fact witnesses a mere two days before the close of discovery, as is the case here, is not timely by any definition."). "[E]xclusion of such evidence is an appropriate sanction." Gomez, 2019 WL 1040398, at *7–8; Metamining, Inc. v. Barnette, No. 2:12cv24, 2013 WL 3245355, 2013 U.S. Dist. LEXIS 89446, *18–19 (W.D.

---

[3] When there is a court approved discovery plan in place, the analysis may proceed under Rule 16(f). Thompson v. United States, No. 7:14cv92, 2015 WL 2412249, 2015 U.S. Dist. LEXIS 66433, at *9 (W.D. Va. May 21, 2015) (citations omitted). The analysis under either rule is essentially the same. Roberts v. Sunbelt Rentals, Inc., No. 5:14cv40, 2016 U.S. Dist. LEXIS 41897, at *8 n.1 (W.D. Va. Mar. 30, 2016) (citation omitted).

Va. June 26, 2013) (excluding witnesses identified "on the day of and the day before the discovery cutoff date").

As to the Southern States factors, plaintiff's untimely disclosure was not substantially justified or harmless. First, plaintiff's nondisclosure has caused unfair "surprise" to Defendants, and "[t]he purpose of Rule 37(c)(1) is to prevent a party from surprising and, thus, prejudicing the opposing party." Southern States, 318 F.3d at 596, 597. Second, Defendants are unable to "cure the surprise" by plaintiff's nondisclosure. Southern States, 318 F.3d at 597. Indeed, a party is unable to cure the unfair surprise of an untimely disclosure "made during the last days of discovery" because the party lacks "a reasonable opportunity to depose witnesses or to fairly prepare any rebuttal." Gomez, 2019 WL 1040398, at *7. Here the disclosure came not on the last day of discovery, but less than three weeks before trial. See, e.g., Jordan v. StoneMor Partners LP, 2018 WL 1074492, at *3 (W.D. Va. Feb. 27, 2018) ("surprise and ability to cure are both directly related to the fact that discovery has already closed"); Ebersole v. Kline-Perry, 2012 WL 2673150, at *4–5 (E.D. Va. July 5, 2012).

Third, plaintiff's untimely disclosure would "disrupt" trial. Southern States, 318 F.3d at 597. This factor is fulfilled when allowing such a disclosure "would condone the strategy of last-minute disclosures, behavior that flies in the face of the Federal Rules of Civil Procedure." Slaughter v. Barton, 2003 WL 24100297, at *3. This eleventh-hour disclosure has in fact disrupted Defendants' preparation for trial. See Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278–79 (4th Cir. 2005) ("A party that fails to provide [Rule 26] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case."). Fourth,



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 10 -

629.0407\NHS
4892-4699-5939 .v1

plaintiff cannot establish "the overbalancing need for [the] testimony." Metamining, 2013 WL 3245355, at *8. Finally, there is no reasonable explanation for plaintiff's failure to disclose the information. Plaintiff clearly knew about the information, had more than sufficient time to timely answer discovery, and failed to either disclose it in his initial disclosures or his interrogatory responses.

An adverse party should not be forced to guess as to what information may support an opposing party's claims. Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 863 (9th Cir. 2014). This is why we have discovery. Defendants timely issued discovery and timely responded to the discovery issued to them. Plaintiff, however, failed to fulfill his obligations under the Federal Rules of Civil Procedure, and allowing him to use the untimely disclosed evidence would not just prejudice Defendants. Indeed, it would be a ratification of plaintiff's dilatory conduct and dismissive attitude towards the rules of discovery. There is no excuse for plaintiff failing to respond to discovery timely and failing to disclose the information in his belated responses. Plaintiff has not and cannot met his burden to allow these late disclosures, and he should be precluded from using the information at trial.

Finally, plaintiff has misled this Court for years by repeatedly alleging and arguing that he had only 24 hours' notice of his Student Conduct hearing. That allegation was demonstrably false, and plaintiff knew it was false. The Court should not condone this conduct and should fashion an appropriate remedy pursuant to the Court's inherent authority, Projects Management v. Dyncorp Int'll LLC, 734 F.3d 366, 375–76 (4th Cir. 2013), and its authority under Rule 37 for plaintiff's failure to comply with the Magistrate Judge's Order to provide Defendants with discovery responses.



- 11 -

629.0407\NHS
4892-4699-5939 .v1

## CONCLUSION

For the foregoing reasons, Defendants respectfully request entry of an Order precluding plaintiff from referencing the untimely disclosed information set forth above and striking plaintiff's due process claim for his false assertion about the timing of the notice he received about his Student Conduct hearing and granting such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS and TAMARA CHERRY-CLARKE

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: klondos@faplawfirm.com
           nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General

- 12 -

629.0407\NHS
4892-4699-5939 .v1

FA+P
FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474
*Counsel for Defendants*



- 13 -

629.0407\NHS
4892-4699-5939 .v1

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



629.0407\NHS
4892-4699-5939 .v1